J-S56041-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KURT MICHAEL DANYSH, | |
| Appellant | No. 954 MDA 2014 |

Appeal from the Order Entered April 23, 2014
in the Court of Common Pleas of Susquehanna County
Criminal Division at No.: CP-58-CR-0000132-1996

BEFORE:  PANELLA, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 05, 2014**

Appellant, Kurt Michael Danysh, appeals *pro se* from the order denying his "Motion to Place Petition (letter to the [c]ourt of March 9, 2000) [sic] in Active Status for Hearing and Disposition on the Merits."[1]  Appellant, a serial petitioner, fails to plead or prove any of the three statutory exceptions to the time bar for collateral relief under the Post Conviction Relief Act (PCRA).  ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We summarize only the most relevant portions of the voluminous history in this case.  Our predecessor panel provided a concise but through recitation of the prior procedural history.  (***See Commonwealth v.***

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although the order on appeal is dated April 21, 2014, it was not filed until April 23, 2014.  We have amended the caption accordingly.

*Danysh*, No. 386 MDA 2009 at 1-3 (Pa. Super. filed November 12, 2009) (unpublished memorandum)).

On April 25, 1996, using a stolen handgun, Appellant shot his father in the back of the head, stole money ($31.00), and took his father's pick-up truck. Appellant gave three statements to the police admitting these crimes.

On October 9, 1997, Appellant entered a negotiated plea of guilty to third degree murder in the death of his father.[2] In exchange for the plea to murder of the third degree, the Commonwealth agreed to withdraw the charge of first degree murder, and pursuit of a death penalty sentence. On November 20, 1997, the trial court sentenced Appellant to an aggregate term of not less than twenty-two and a half nor more than sixty years' incarceration. This Court affirmed judgment of sentence on April 7, 1999. (*See Commonwealth v. Danysh*, 738 A.2d 1049 (Pa. Super. 1999) (unpublished memorandum)).

Thereafter, Appellant embarked on a decade long odyssey in pursuit of post-sentence relief, *pro se* as well as counseled. Most notable among numerous claims, Appellant alleged that he was entitled to an exception to the time-bar on the ground of after-discovered evidence, namely, diminished mental capacity to commit the crimes to which he pleaded guilty, based on

---

[2] Appellant also entered an open plea to the charge of robbery.

his use of Prozac. In a companion argument, he claimed his use of Prozac precluded a knowing, voluntary and intelligent guilty plea.

In 2004, this Court vacated a denial of Appellant's claim for PCRA relief and remanded for a hearing on Appellant's various Prozac related claims. In an extensive, detailed opinion filed after the evidentiary hearing, the PCRA court explained its reasoning for concluding, after review, that Appellant's claims did not plead or prove an exception to the statutory time bar, and that his petition was, consequently, untimely. (**See** PCRA Court Opinion, 5/23/05, at 1-14).

Specifically, the PCRA court found, *inter alia*, that undisputed evidence of a previous history of violence, including a Protection From Abuse Order his Father had obtained against him, contradicted Appellant's claim that he was only acting under the influence of recently prescribed Prozac, (which, in any event, he took in excess of the prescribed dosage).

Furthermore, the PCRA court found that prior to entering his guilty plea, Appellant and several counsel thoroughly investigated the prospects of a Prozac defense.[3] This investigation included the retention of an expert, Dr. Gary Glass, who evaluated Appellant and determined that he was not insane and was competent to stand trial. The PCRA court determined that

---

[3] **See also Danysh v. Eli Lilly and Co.**, 2011 WL 4344595, 3 (M.D. Pa. filed September 15, 2011) (granting summary judgment in favor of Eli Lilly on Appellant's claim that use of Prozac caused him to murder his father).

Appellant's claim of newly discovered evidence was merely cumulative of a defense available to him prior to the guilty plea, which he chose not to pursue. (*See id.* at 9).

Additionally, the PCRA court found that even if it accepted Appellant's proffered evidence, he would be unable to show that a different verdict would result. (*See id.*). Finally, the PCRA court found Appellant's credibility to be suspect. (*See id*. at 13).

This Court concluded that the PCRA court's findings were supported by the record and free of legal error, expressly affirming the denial of PCRA relief on the basis of the PCRA court opinion. (*See Commonwealth v. Danysh*, No. 1051 MDA 2005 at 5 (Pa. Super. filed June 2, 2006), *appeal denied*, 911 A.2d 933 (Pa. filed November 9, 2006)).

On or about October 16, 2008, Appellant filed what he calculates to be his third petition for post conviction relief, challenging the "lawfulness" of his guilty plea and requesting the appointment of counsel. That petition was denied as untimely. Appellant filed a timely, counseled notice of appeal. This Court, concluding Appellant's petition was untimely with no statutory exception to the time bar proven, affirmed the denial of PCRA relief. (*Commonwealth v. Danysh*, 988 A.2d 717 (Pa. Super. 2009) (unpublished memorandum)).

Appellant filed the instant *pro se* claim, his "Motion to Place Petition In Active Status [*etc.*]" on or about November 8, 2013. This motion purports to relate back to Appellant's letter of March 9, 2000, requesting the

appointment of counsel to file a motion to withdraw his guilty plea.[4] The PCRA court denied the motion. (**See** Order, dated April 21, 2014, and docketed April 23, 2014). In an opinion accompanying the order, the PCRA court reasoned that Appellant's request for appointment of counsel to withdraw his guilty plea did not constitute a ground for relief cognizable under the PCRA, concluding that the letter was not a "proper petition for post-conviction relief." (PCRA Court Opinion, 4/23/14, at 2). This appeal followed.

Appellant presents two questions for our review on appeal.

I. Did the [PCRA] court commit legal error in determining that [Appellant's] timely *pro se* request for post-conviction relief did not raise a ground cognizable under the PCRA?

II. Did the [PCRA] court commit legal error in failing to appoint counsel to represent [Appellant] in response to his timely *pro se* request for post-conviction relief irregardless [sic] of whether the request included a ground cognizable under the PCRA?

(Appellant's Brief, at 3).

_____

[4] Notably, Appellant refers to and even purports to quote from this letter, but does not provide a copy, and on review there appears to be none in the certified record. (**See** Appellant's Brief, at 4; **see also** Commonwealth's Brief, at 4) (noting absence of March 9, 2000 letter from certified record). However, the PCRA court does not dispute the accuracy of the copy of its response letter to Appellant, dated March 28, 2000, which acknowledges receipt of the March 9, 2000 letter, summarizes the relief requested, and advises Appellant to file a petition for post conviction collateral relief. (**See** Letter of President Judge Kenneth W. Seamans to Kurt Danysh, 3/29/2000).

Appellant claims entitlement to PCRA relief pursuant to section 9543(a)(2)(iii), for a conviction or sentence resulting from "[a] plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa.C.S.A. § 9543(a)(2)(iii); (**see** Appellant's Brief, at 6). We disagree.

Our standard and scope of review for the denial of PCRA relief are well-settled.

> On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. **Commonwealth v. Breakiron**, 566 Pa. 323, 781 A.2d 94, 97 n. 4 (2001). Our review of questions of law is *de novo*. **Commonwealth v. Fahy**, 598 Pa. 584, 959 A.2d 312, 316 (2008).
>
> A PCRA petition, including a second or subsequent petition, must be filed within one year of a final judgment, unless the petitioner alleges and proves that he is entitled to one of three exceptions to this general rule, and that the petition was filed within 60 days of the date the claim could have been presented:
>
> > (b) Time for filing petition.—
> >
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b).

***Commonwealth v. Edmiston***, 65 A.3d 339, 345 (Pa. 2013), *cert. denied*,

134 S. Ct. 639 (2013).

Before we may address the merits of Appellant's arguments, we must first consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this Court and the PCRA court. ***Commonwealth v. Davis****,* 86 A.3d 883, 887 (Pa. Super. 2014) (citation omitted). Pennsylvania law makes clear that when "a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition." ***Commonwealth v. Seskey****,* 86 A.3d 237, 241 (Pa. Super. 2014) (citation omitted). The "period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended[.]" ***Commonwealth v. Ali****,* 86 A.3d 173, 177 (Pa. 2014) (internal quotation marks and citation omitted). This is to "accord finality to the collateral review process." ***Commonwealth v. Watts****,* 611 Pa. 80, 23 A.3d 980, 983 (Pa. 2011) (citation omitted). "However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met." ***Commonwealth v. Lawson****,* 90 A.3d 1, 5 (Pa. Super. 2014) (citation omitted).

*Commonwealth v. Miller*, 2014 WL 4783558, at *3 (Pa. Super. filed September 26, 2014).

Here, we lack jurisdiction to review the merits of Appellant's claims. His petition is untimely, with none of the three statutory exceptions to the time bar pleaded or proven. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Further, our review of the record confirms that Appellant has already had the benefit of a counseled PCRA petition, an evidentiary hearing, and, *inter alia*, a review of the merits of his Prozac associated claims. (**See** **Danysh**, No. 1051 MDA 2005 **supra**). It bears noting, as observed by the PCRA court, that Appellant does not plead that he ever raised the issue of his purported claim for relief in 2000 in any of his three previous PCRA petitions. Therefore, the instant claims, even if otherwise cognizable, would be waived. **See** 42 Pa.C.S.A. § 9543(a)(3) (requiring that the allegation of error has not been previously litigated or waived).

Moreover, even if we were to assume, contrary to fact, that Appellant presented a cognizable claim for PCRA relief, not otherwise waived, he failed to present it within sixty days of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(2). It would be waived for that reason as well.

Our reasoning differs somewhat from that of the PCRA court. However, "we may affirm the PCRA court's decision on any basis."

***Commonwealth v. Charleston***, 94 A.3d 1012, 1028 (Pa. Super. 2014)

(citation omitted).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/5/2014