J-S08029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TAHREEL MALEEK TOWNSEND | |
| Appellant | No. 2112 EDA 2014 |

Appeal from the PCRA Order of July 1, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No.: CP-39-CR-0003136-2008

BEFORE: DONOHUE, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY WECHT, J.:                **FILED FEBRUARY 20, 2015**

Tahreel Maleek Townsend appeals the July 1, 2014[1] order that

dismissed his *pro se* petition for relief pursuant to the Post Conviction Relief

Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. We affirm.

The PCRA court provided the following history of this case:

On October 1, 2009, following a jury trial that was conducted from September 28, 2009, through October 1, 2009, [Townsend] was found guilty of Murder of the First Degree[, 18 Pa.C.S.A. § 2502(a),] and Criminal Conspiracy to Commit Criminal Homicide[, 18 Pa.C.S.A. § 903(a)(1).] Thereafter, on October 30, 2009, [Townsend] was sentenced to a term of life imprisonment in a state correctional institution on the charge of Murder of the First Degree. On the same date, [Townsend] was sentenced to a term of imprisonment of not less than ten (10)

_____

[1]     Although the order was dated June 26, 2014, it was not filed and docketed until July 1, 2014. We have amended the appeal paragraph accordingly.

years nor more than twenty (20) years on the charge of Criminal Conspiracy to Commit Criminal Homicide. This sentence was ordered to run consecutively to the sentence[] imposed on the charge of Murder of the First Degree. Subsequently, on November 19, 2009, [Townsend] filed a notice of Appeal with the Superior Court of Pennsylvania. By Order dated August 11, 2011, the Superior Court of Pennsylvania affirmed this Court's judgment of sentence. Then, on or about September 12, 2011, [Townsend] filed a Petition for Allowance of Appeal. On March 15, 2012, the Supreme Court of Pennsylvania denied [Townsend's] petition. Subsequently, [Townsend] filed a timely *pro se* Motion for Post Conviction Collateral Relief. Consequently, on June 25, 2012, [the PCRA court] appointed Robert Long, Esquire, to represent [Townsend] on his Motion for Post Conviction Collateral Relief. On July 27, 2012 and October 11, 2012, Attorney Long filed an Amended Petition for Post Conviction Collateral Relief and a Second Amended Petition for Post Conviction Collateral Relief, respectively. An evidentiary hearing relative to [Townsend's] motion was conducted before [the PCRA court] on October 18, 2012. On November 9, 2012, [the PCRA court] denied [Townsend's] Motion for Post Conviction Collateral relief.[2] Then, on May 27, 2014, [Townsend] filed a second Motion for Post Conviction Collateral Relief. . . .

PCRA Court Opinion , 8/4/2014, at 1-2 (footnotes omitted).

On June 2, 2014, the PCRA court filed and served a notice of intent to dismiss Townsend's second PCRA petition pursuant to Pa.R.Crim.P. 907. The basis for the notice was that Townsend's petition was untimely. Townsend filed a response in which he asserted that he had invoked the newly-

---

[2] On November 29, 2012, Townsend appealed the denial of his PCRA petition to this Court. On September 25, 2013, we affirmed the PCRA court. **Commonwealth v. Townsend**, 3271 EDA 2012 (Pa. Super. September 25, 2013) (unpublished memorandum). On October 23, 2013, Townsend filed a petition for allowance of appeal with the Pennsylvania Supreme Court. On March 25, 2014, it was denied. **Commonwealth v. Townsend**, 87 A.3d 816 (Pa. 2014).

discovered fact exception to the PCRA time bar. On July 1, 2014, the PCRA court dismissed Townsend's petition.

On July 14, 2014, Townsend filed a notice of appeal. On July 18, 2014, the PCRA court ordered Townsend to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On July 30, 2014, Townsend timely complied. On August 4, 2014, the PCRA court issued its Pa.R.A.P. 1925(a) opinion, which incorporated the rationale set forth in its June 2, 2014 Rule 907 notice.

Townsend raises the following issues for our review:

1. Whether counsel provided ineffective assistance of counsel by filing a defective P.C.R.A. Brief which did not support or substantiate the legal claims in which [Townsend] sought relief on as well as the raising of ineffective assistance of counsel which is guaranteed by the U.S. Const. and the 6th Amend. and Art. 1 Sec. 9 of the Pa Const.

2. Whether trial counsel provided [Townsend] ineffective assistance of counsel during trial and at sentencing.

3. Whether [the] sentencing court erred when it sentenced [Townsend] to an illegal sentence of life in prison without parole under 42 Pa.C.S. sec. 9715 without any statutory authorization to impose and add a sentence condition which was illegal.

4. Whether [the] trial court violated [Townsend's] procedural and substantive due process violation [*sic*] when it failed to follow the mandated rules and provisions of 42 Pa.C.S. sec. 9715(B), 42 Pa.C.S. sec. 9711, 42 Pa.C.S. sec. 9721(A), 18 Pa.C.S. sec. 1102(a) and Pa.R.Crim.P. rule 802 and Pa.R.Crim.P. rule 808.

5. Whether [the] trial court erred when it sentenced [Townsend] to an illegal sentence of life imprisonment which is to be illegally carried out immediately in the state corr. without a signed notarized authenticated or even an "existing"

sentencing order specifying the sentence imposed pursuant to 42 Pa.C.S. sec. 9764.

6. Whether trial counsel was ineffective for giving erroneous advice to withdraw [a plea to] 3rd degree murder because he'd guaranteed and assure [Townsend's] freedom but instead [Townsend] ended up getting a life sentence plus 10-20 yrs.

7. Whether [Townsend] had raised and established a clear cut case of manifest injustice when here he shows he'd invoked the exception and met all of the requirements that were needed to invoke the exception to the timeliness rule under Pa.R.A.P. 720(C) after discovered evidence where he showed and has presented abundance of facts and evidence pursuant to the Lehigh County own clerk's admission that the documents requested "does not even exist" as mandated triggering the provision of 42 Pa.C.S. 9545(B)(1)(ii) which were indeed unknown to him during sentencing.

Townsend's Brief at 12 (minor modification to capitalization, spelling, and punctuation for clarity).

Before reaching the merits of Townsend's appeal, we must ensure that we have jurisdiction.

> The filing mandates of the PCRA are jurisdictional in nature and are strictly construed. ***Commonwealth v. Stokes***, 959 A.2d 306, 309 (Pa. 2008). The question of whether a petition is timely raises a question of law. ***See Commonwealth v. Fahy***, 959 A.2d 312, 316 (Pa. 2008). Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary. ***Commonwealth v. Colavita***, 993 A.2d 874, 886 (Pa. 2010). An untimely petition renders this Court without jurisdiction to afford relief. ***Commonwealth v. Gandy***, 38 A.3d 899 (Pa. Super. 2012).

***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013) (citations modified).

To be filed timely, a petition must comply with the following criteria:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545.

On direct appeal, the Pennsylvania Supreme Court denied Townsend's petition for allowance of appeal on March 15, 2012. He did not seek review in the United States Supreme Court. Therefore, his judgment of sentence became final on June 13, 2012 when time to seek such review expired. Thus, he had until on or about June 13, 2013 to file a timely PCRA petition. Townsend filed his second PCRA petition on May 27, 2014 and, therefore, it

is facially untimely. To invoke the PCRA court's and our jurisdiction, Townsend must plead and prove one of the exceptions to the time bar enumerated in section 9545(b). *See Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013).

Townsend argues that he has satisfied the newly-discovered fact exception pursuant to section 9545(b)(1)(ii). Townsend asserts that, sometime after March 25, 2014, he discovered that no signed sentencing order existed in his case. Townsend also asserts that he could not have discovered this fact earlier and that he filed his petition within sixty days of learning that there was no signed sentencing order.

First, Townsend is factually mistaken that there are no signed sentencing orders in the record. The certified record contains two signed and dated sentencing sheets[3] reflecting Townsend's sentence.[4] Further, the sentence was pronounced in open court. Notes of Testimony, 10/30/2009, at 20-21. The docket reflects the same sentence. There is no question that Townsend was sentenced, even if no order existed. *See Joseph v. Glunt*, 96 A.3d 365, 372 (Pa. Super. 2014) (finding sufficient authority to maintain

_____

[3] Although titled a sentencing sheet, the documents have all the hallmarks of an order. Each lists a charge for which Townsend was convicted and his related sentence. They are dated and bear the signature of the presiding judge. They are also docketed as sentencing orders.

[4] While the documents appear to be photocopies, each is signed and stamped by the clerk of judicial records, attesting that it is a true and correct copy of the original.

a prisoner's detention, even in the absence of a sentencing order, when docket and sentencing transcript reflect sentence).

Further, our Supreme Court has held that, "for purposes of 42 Pa.C.S. § 9545(b)(1)(ii), information is not 'unknown' to a PCRA petitioner when the information was a matter of public record." ***Commonwealth v. Chester***, 895 A.2d 520, 523 (Pa. 2006). The record in Townsend's case is a public record and is available for inspection. He could have discovered at any time that the sentencing sheets were in the record along with the docket and transcript that reflect his sentence.

To meet this exception, the newly-discovered fact could not have been discoverable earlier through the exercise of due diligence. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(ii). Townsend contends that he did not became aware of the lack of sentencing order until he received a copy of his sentencing sheet with a post-it stating that there was no sentencing order. Townsend does not explain why he could not have discovered this alleged flaw prior to his current PCRA petition.

Finally, Townsend has the burden to demonstrate that he filed his claim within sixty days of its discovery. ***See*** 42 Pa.C.S.A. § 9545(b)(2). Townsend baldly asserts that he filed his PCRA petition within sixty days of the receipt of his sentencing sheet, but he does not provide any information about the date of receipt or proof, such as a copy of the note or post-marked envelope. Therefore, Townsend has not met his burden to prove that the newly-discovered fact exception to the time bar applies. Thus, his PCRA

petition was untimely and this Court is without jurisdiction to review its merits.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/20/2015