J-S32041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GLENN PINER, | : | |
| | : | |
| Appellant | : | No. 87 WDA 2015 |

Appeal from the PCRA Order entered on December 12, 2014
in the Court of Common Pleas of Blair County,
Criminal Division, No(s): CP-07-CR-0000125-2012;
CP-07-CR-0000162-2012; CP-07-CR-0000164-2012;
CP-07-CR-0000679-2012

BEFORE: SHOGAN, OLSON and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED JULY 07, 2015**

Glenn Piner ("Piner") appeals from the Order denying his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

In its December 12, 2014 Opinion, the PCRA court set forth a comprehensive summary of the history underlying the instant appeal, which we incorporate herein by reference. **See** PCRA Court Opinion, 12/12/14, at 1-10 (unnumbered).

On appeal, Piner presents the following issues for our review:

A. Whether the PCRA [c]ourt erred/abused its discretion by failing to find [that] the trial court erred by refusing to appoint new defense counsel for [Piner], as the record demonstrates [that Piner] repeatedly requested new counsel because of his counsel's ineffectiveness?

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

B. Whether the PCRA [c]ourt erred/abused its discretion by failing to find [Piner's] prior counsel ineffective for falling to send [Piner] the discovery in his case, as the record demonstrates [that] the failure hampered his defense?

C. Whether the PCRA [c]ourt erred/abused its discretion by failing to find [Piner's] prior counsel ineffective because she did not adequately review the discovery?

D. Whether the PCRA [c]ourt erred/abused its discretion by failing to find [Piner's] prior counsel ineffective for failing to file any motions in the case, as the record demonstrates [that] there were potential motions that would have been meritorious and potentially changed the outcome of the case, had they been filed?

E. Whether the PCRA [c]ourt erred/abused its discretion by failing to find [Piner's] prior counsel ineffective for failing to timely communicate plea offers[,] or miscommunicate plea offers to [Piner], as the record demonstrates [that] such failure prejudiced [Piner]?

F. Whether the PCRA [c]ourt erred/abused its discretion by failing to find [Piner's] prior counsel ineffective for failing to withdraw [Piner's] guilty plea, as the record demonstrates [that Piner] indicated it was his desire to do so?

G. Whether the PCRA [c]ourt erred/abused its discretion by failing to find [Piner's] prior counsel ineffective for failing to consult with [Piner] regarding an appeal[,] or file what would have been a meritorious direct appeal, as the record indicates … [that] he wished to appeal?

H. Whether the PCRA [c]ourt erred/abused its discretion by failing to find [Piner's] prior counsel ineffective for her alcohol use during her representation of [Piner], as the record demonstrates her intoxication at several of [Piner's] hearings?

I. Whether the PCRA [c]ourt erred/abused its discretion by failing to find that [Piner] entered an involuntary plea due to his counsel's ineffectiveness and the court's failure to appoint new counsel?

Brief for Appellant at 4-5.

Piner's first three claims are related, so we will address them together. Piner claims that his trial/plea counsel, Tami Fees, Esquire ("Attorney Fees"), rendered constitutionally deficient representation. First, Piner argues that the trial court improperly refused to replace Attorney Fees, as Piner had expressed his dissatisfaction with her representation to the trial court. *Id.* at 10, 12. Piner points out that Attorney Fees was, at one point during her representation, suspended from the practice of law. *Id.* Piner asserts that Attorney Fees visited him in jail on only two occasions, and did not provide him with updates on his case. *Id.*

In his appellate brief, Piner combines his second and third issues. In his second issue, Piner argues that Attorney Fees's failure to send him copies of the discovery received from the Commonwealth hampered his ability to assist in his own defense. *Id.* at 13. Piner asserts that he reviewed the Commonwealth's discovery on only one occasion, at the office of the prosecutor. *Id.* According to Piner, during Attorney Fees's jail visits, she failed to bring documentation to the meeting and did not have command of the facts of the case. *Id.* Instead, Piner asserts, Attorney Fees "only tried to talk [] Piner into taking a plea and possible sentences." *Id.* Piner asserts that, by failing to adequately review discovery, and depriving him of the opportunity to review the discovery, she caused prejudice to Piner. *Id.* at 14. Piner further argues that Attorney Fees rendered ineffective assistance by not adequately reviewing the discovery materials. *Id.* at 13.

"As a general proposition, an appellate court reviews the PCRA court's findings to see if they are supported by the record and free from legal error." **Commonwealth v. Reyes**, 582 Pa. 317, 870 A.2d 888, 893 n. 2 (Pa. 2005). This Court's scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party, in this case, the Commonwealth. **See**, **e.g.**, **Commonwealth v. Duffey**, 585 Pa. 493, 889 A.2d 56, 61 (Pa. 2005); **Commonwealth v. Meadius**, 582 Pa. 174, 870 A.2d 802 (Pa. 2005). In addition, "[t]he level of deference to the hearing judge may vary depending upon whether the decision involved matters of credibility or matters of applying the governing law to the facts as so determined." **Commonwealth v. Reaves**, 592 Pa. 134, 923 A.2d 1119, 1124 (Pa. 2007) (citations omitted).

**Commonwealth v. Fahy**, 959 A.2d 312, 316 (Pa. 2008).

To be eligible for relief based on a claim of ineffective assistance of counsel, a PCRA petitioner must demonstrate, by a preponderance of the evidence, that (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or omission; and (3) there is a reasonable probability that the result of the proceeding would have been different absent such error. **Commonwealth v. Steele**, 961 A.2d 786, 796 (Pa. 2008). With regard to the second, *i.e.*, the "reasonable basis" prong, this Court will conclude that counsel's chosen strategy lacked a reasonable basis only if the appellant proves that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." **Commonwealth v. Williams**, 899 A.2d 1060, 1064 (Pa. 2006) (citation omitted). To establish the third prong, *i.e.*, prejudice, the appellant must show that there is a reasonable probability that the outcome of the

- 4 -

proceedings would have been different but for counsel's action or inaction. ***Commonwealth v. Dennis***, 950 A.2d 945, 954 (Pa. 2008).

In its Opinion, the PCRA court addressed Piner's claims of ineffective assistance by Attorney Fees, and concluded that they lack merit. PCRA Court Opinion, 12/12/14, at 10 (unnumbered) (discussing Piner's issue related to the suspension of Attorney Fees for failing to comply with continuing legal education requirements), 11 (determining that Piner's discovery issues lack merit). The findings of the PCRA court are supported by the evidence of record, and its legal conclusions are sound. Accordingly we affirm on the basis of the PCRA court's Opinion with regard to these claims. ***See id.***

In his fourth issue, Piner claims that Attorney Fees rendered ineffective assistance by failing to file a motion to suppress evidence.[2] Brief for Appellant at 14. Piner asserts that he had requested that Attorney Fees file a suppression motion to challenge the wiretap evidence against him. ***Id.***

In its Opinion, the PCRA court addressed this claim, and concluded that it lacks merit. PCRA Court Opinion, 12/12/14, at 12 (unnumbered).

---

[2] In his appellate brief, Piner also asserts that his counsel rendered ineffective assistance by failing to file a motion to sever his trial from that of his co-defendants. Piner provides no supporting argument or citation to pertinent legal authority. Accordingly, this claim is waived. ***See*** Pa.R.A.P. 2119 (requiring an appellant to support his or her argument with pertinent analysis, including citation to and discussion of relevant authority and facts of record).

We agree with the reasoning of the PCRA Court, and affirm on the basis of its Opinion. **_See id._**

In his fifth issue, Piner claims that Attorney Fees rendered ineffective assistance by failing to communicate plea offers from the Commonwealth, on a timely basis. Brief for Appellant at 15. Piner further claims that Attorney Fees miscommunicated the plea offers. **_Id._** According to Piner, Attorney Fees "mistakenly led him to believe it would be to one count, whereas he ended up pleading to eleven." **_Id._** at 16. However, Piner appears to concede that he "may have (eventually) received all plea offers[.]" **_Id._** Piner asserts that the failure to timely communicate plea offers resulted in prejudice, "because he was essentially forced into taking a plea at a later stage, without proper consideration beforehand." **_Id._**

In its Opinion, the PCRA court states that Piner failed to produce evidence suggesting that there were plea offers that were not communicated to him. PCRA Court Opinion, 12/12/14, at 12 (unnumbered). The testimony of Attorney Fees at the PCRA hearing supports the PCRA court's finding. When asked how much time would have elapsed between her receipt of a plea offer and her communication of that offer to Piner, Attorney Fees stated the following:

> It would have been that same day because I would have been over here speaking with the Commonwealth [*sic*] would be up in the District Attorney's Office and [] Piner would have been brought over. They would have provided me with an offer at that time[,] and I spoke to [] Piner and it was agreed upon that it would be accepted.

- 6 -

N.T., 9/5/14, at 40. Attorney Fees further testified that whenever she received a plea offer from the Commonwealth, she communicated that offer to Piner. *Id.* Finally, Attorney Fees testified that she did not misrepresent a plea offer to Piner. *Id.* at 41-42 (wherein Attorney Fees stated that, while she discussed with the Commonwealth what the actual plea was going to be, and to what charges, the offer never changed with regard to the prison term).

Because the record supports the PCRA court's findings, as summarized above, and the PCRA court's legal conclusions are sound, we adopt the reasoning of the PCRA, and affirm on the basis of the PCRA court's Opinion with regard to this claim. PCRA Court Opinion, 12/12/14, at 12-13 (unnumbered).

In his sixth issue, Piner argues that Attorney Fees rendered ineffective assistance by misinforming him that he was RRRI-eligible. Brief for Appellant at 17. Piner directs our attention to his testimony that Attorney Fees had represented to him that he was RRRI eligible. *Id.* at 18. Piner asserts that "he was basically forced into accepting the plea offer, as he felt his counsel was not prepared for trial." *Id.* Piner further points out that he had directed Attorney Fees to inquire as to why he was not eligible for RRRI, but she failed to reply. *Id.*

In its Opinion the PCRA court found no merit to Piner's claim. Specifically, the PCRA court found that "Piner was advised multiple times

from multiple sources prior to pleading guilty that he was not RRRI [e]ligible." PCRA Court Opinion, 12/12/14, at 13 (unnumbered). The record supports this finding by the PCRA court. *See* N.T., 9/5/14, at 42 (wherein Attorney Fees testified that Piner's ineligibility for RRRI was brought to everyone's attention, "at least in written form[,] in January of 2013."). Accordingly, we cannot grant Piner relief on this claim.

In his seventh and eighth issues, Piner claims that Attorney Fees rendered ineffective assistance by failing to file a petition to withdraw his guilty plea. Brief for Appellant at 18. Directing our attention to this Court's holding in *Commonwealth v. Touw*, 781 A.2d 1250 (Pa. Super. 2001), Piner asserts that

> counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal … , or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing…

*Id.* at 1254. Piner contends that, "because of [] Piner's evident dissatisfaction, Attorney Fees had a reason to inquire with [] Piner regarding an appeal or the withdrawal of his plea." Brief for Appellant at 19. Piner acknowledges that "[w]hile [he] did not communicate specifically his desire to appeal or withdraw his plea, this was only because he felt [that Attorney Fees] did not do anything for him presentencing." *Id.*

In its Opinion, the PCRA court addressed these claims and found them to be without merit. PCRA Court Opinion, 12/12/14, at 13-14

- 8 -

(unnumbered). As there is support in the record for the PCRA's findings, and its legal conclusions are sound, we affirm on the basis of the PCRA court's Opinion with regard to these claims. *See id.*; *see also* N.T., 9/5/14, at 43-44 (wherein Attorney Fees testified that she was not asked to file a motion to withdraw Piner's guilty plea or a direct appeal, and that there was nothing at the plea hearing or sentencing that would have led her to believe that she should file either a motion to withdraw the plea or an appeal).

In his ninth issue, Piner argues that Attorney Fees's intoxication and/or alcohol use established ineffective assistance of counsel. Brief for Appellant at 20. Piner directs our attention to testimony that Attorney Fees had an odor of alcohol on several occasions. *Id.*

In its Opinion, the PCRA court addressed this claim and concluded that it lacks merit. PCRA Court Opinion, 12/12/14, at 15 (unnumbered). Because the PCRA court's findings are supported in the record, and we discern no abuse of discretion, we affirm on the basis of the PCRA court's Opinion with regard to this claim. *See id.*

In his final claim, Piner merely restates his ineffectiveness claims. Brief for Appellant at 21. In support, Piner states that Attorney Fees's "errors are evident throughout the course of her representation of [] Piner." *Id.* at 22.

As we have concluded that the PCRA court's rejection of Piner's ineffectiveness claims is supported by evidence of record, and its legal conclusions are sound, there is no merit to Piner's last, general claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2015

IN THE COURT OF COMMON PLEAS OF BLAIR COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,

            V.

GLENN S. PINER, II,
      DEFENDANT.

:    2012 CR 125
:    2012 CR 162
:    2012 CR 164
:    2012 CR 679
:

FILED BLAIR COUNTY, PA CAROL A. NEWMAN PROTHONOTARY CLERK OF COURTS CLERK OF ORPHANS COURT 2014 DEC 12 AM 10 55

ELIZABETH A. DOYLE          PRESIDING JUDGE

CHRISTOPHER SCHMIDT, ESQ.     DEPUTY ATTORNEY GENERAL

MATTHEW DOMBROSKY, ESQ.     COUNSEL FOR DEFENDANT

## OPINION AND ORDER

## OPINION

This matter comes before the Court for consideration of Defendant's Petition for Post Conviction Relief (PCRA). A hearing was held on September 5, 2014. This Petition is ready for disposition.

## PROCEDURAL BACKGROUND

The Criminal Complaint at 2012 CR 125 was filed on October 24, 2011. The Defendant was charged with Possession with Intent to Deliver a Controlled Substance, 35 Pa. C.S.A. §780-113(a)(30), Driving Under the Influence of Alcohol and Drugs, 75 Pa. C.S.A. §3802(d)(3), Possession of a Controlled Substance, 35 Pa. C.S.A. §780-113(a)(16), Possession of Drug Paraphernalia, 35 Pa. C.S.A. §780-113(a)(32), Careless Driving, 75 Pa. C.S.A. §3714(a), Driving on Roadways Laned for Traffic, 75 Pa. C.S.A. §3309(1), General Lighting Requirements, 75 Pa. C.S.A. §4303(b), and Operation of Vehicle Without Official Certificate of Inspection, 75 Pa. C.S.A. §4703(a).

The Criminal Complaint at 2012 CR 162 was filed on November 1, 2011. The Defendant was charged with Delivery of a Controlled Substance, 35 Pa. C.S.A. §780-113(a)(30), Dealing in Proceeds of Unlawful Activities, 18 Pa. C.S. §5111(a)(1), Corrupt Organization, 18 Pa. C.S. §911(b)(3), Corrupt Organizations, 18 Pa. C.S. §911(b)(4), and two counts of Criminal Use of a Communication Facility, 18 Pa. C.S. §7512.

The Criminal Complaint at 2012 CR 164 was filed on December 1, 2011. It contained charges for Forgery, 18 Pa. C.S.A. §4101(a)(2), Forgery, 18 Pa. C.S.A. §4101(a)(3), Identity Theft, 18 Pa. C.S.A. §4120(a), Access Device Fraud, 18 Pa. C.S.A. §4106(a)(1)(ii), Theft by Unlawful Taking, 18 Pa. C.S.A. §3921(a), Receiving Stolen Property, 18 Pa. C.S.A. §3925(a), and Access Device Fraud, 18 Pa. C.S.A. §4106(a)(3).

The Criminal Complaint at 2012 CR 679 was filed on February 28, 2012. Defendant was charged with four counts of Possession with Intent to Deliver, 35 Pa. C.S.A. §780-113(a)(30), Dealing in Proceeds of Unlawful Activities, 18 Pa. C.S.A. §5111(a)(1), Corrupt Organization, 18 Pa. C.S.A. §911(b)(3), Corrupt Organizations, 18 Pa. C.S.A. §911(b)(4), Criminal Conspiracy, 18 Pa. C.S.A. §903, Criminal Use of a Communication Facility, 18 Pa. C.S.A. §7512

Mr. Piner pled guilty and was sentenced on March 11, 2013. He was sentenced on Possession with Intent to Deliver and DUI: Controlled Substance-Combined Alcohol/Drug at 2012 CR 125. The remaining charges in that case were nol prossed. At 2012 CR 162 he was sentenced on Possession with Intent to Deliver, Criminal Conspiracy and Criminal Use of a Communication Facility.

The remaining charges at 2012 CR 162 were nol prossed. At 2012 CR 164 Mr. Piner was sentenced on two counts of Forgery-Unauthorized Act in Writing, Access Device Issued to Another Who Did Not Authorize Use, and Theft by Unlawful Taking - Moveable Property. The other charges in that case were nol prossed. At 2012 CR 679 the Defendant was sentenced on Possession with Intent to Deliver, Dealing in Proceeds of Unlawful Activity, and Corrupt Organizations. The remaining charges in that case were nol prossed.

Mr. Piner's sentence was 5 to 10 years of incarceration for Possession with Intent to Deliver at 2012 CR 125 and 2 to 10 years consecutive to that for Possession with Intent to Deliver at 2012 CR 679 for a total of 7 to 20 years. All other sentences were concurrent with those sentences.

Mr. Piner filed a Motion for Post Conviction Collateral Relief (PCRA) pro se on January 8, 2014. Counsel was appointed and an Amended PCRA was filed on June 13, 2014. An evidentiary hearing was held on September 5, 2014.

## FACTUAL BACKGROUND

Glenn Piner testified that his sentence was five to ten years plus two to ten years consecutive. HT, page 10, lines 12-15. Attorney Tami Fees was appointed to represent him in May 2012. HT, page 10, lines 16-22. Attorney Fees testified that she has been practicing criminal law for nine years. HT, page 35, lines 9-18.

Mr. Piner initially testified that he was not able to review any of the evidence against him. HT, page 13, lines 22-24. Mr. Piner later indicated that he met with Attorney Fees, Attorney Gorman and Attorney Weeks at the

Courthouse and went over documents and evidence with them. HT, page 25, lines 18-22. Attorney Fees also testified that she and Mr. Piner went to the District Attorney's office and reviewed the discovery. They were told that they could have additional time to review it if they needed to. There were approximately thirty compact discs of discovery materials. HT, page 36, lines 10-22. Mr. Piner was able to review the discovery at the meeting at the District Attorney's office and he did not make a request to Ms. Fees to see any additional discovery after that. HT, page 37, lines 7-17. Attorney Fees testified that she and Mr. Piner met at the District Attorney's Office at least twice and possibly three times to go over the discovery. HT, page 51, lines 6-8.

Mr. Piner testified that when Attorney Fees met him at the prison she just tried to talk him into taking a plea. She did not reference the evidence against him, she just told him that he would get more time than was being offered if he did not take the plea. HT, page 25, lines 1-17. Attorney Fees testified that when she met with Mr. Piner she went over what information the Commonwealth had and what they could prove in addition to discussing the current plea offer and other aspects of his case. HT, page 47, lines 11-23. Attorney Fees testified that most of their face to face meetings were at the District Attorney's office with the discovery. HT, page 48, lines 1- 3.

Mr. Piner testified that he received three plea offers prior to the one that he accepted. The first was 12 to 24 years, the second was 15 to 30 years and the third was 10 to 20 years. HT, page 16, lines 3-8. The first offer was communicated to Attorney Cohen who represented Mr. Piner at his preliminary

hearing. The second offer was communicated to Attorney Fees. The third offer was communicated directly to Mr. Piner. HT, page 16, lines 10-21. Attorney Fees testified that any plea offer that was communicated to her was communicated to Mr. Piner on the same day. HT, page 40, lines 10-22. When she communicated a plea offer to Mr. Piner they discussed his current age and how old he would be when he got out as well as what others who went to trial in the Operation Last Call cases had received. HT, page 40, lines 23-25, page 41, lines 1-10.

Mr. Piner testified that Ms. Fees did not file any motions on his behalf despite the fact that he requested that she file a motion to suppress wiretaps. HT, page 14, lines 4-14. Mr. Piner also testified that although he wanted Attorney Fees to file a motion to suppress the wiretaps, he also signed and testified that he understood that by pleading guilty he was giving up his right to file pretrial motions and his right to pursue any pretrial motions that had already been filed. HT, pages 26-29. Attorney Fees testified that around the time Mr. Piner received the plea offer of 10 to 20 years, she drafted a Motion to Suppress. HT, page 38, lines 4-13, Commonwealth's Exhibit 4. Prior to the disposition of that motion, the offer of 7 to 20 years was received and accepted. HT, page 38, lines 12-16. The Motion to Suppress was not pursued because part of the acceptance of the plea deal is to give up the right to file pretrial motions. HT, page 39, lines 15-25. In addition, Attorney Fees was not aware of any of the motions to suppress the wiretaps being successful in other Operation Last Call cases. HT, page 41, lines 11-17. Assistant District

Attorney Peter Weeks testified that none of the four challenges to the wiretaps in other Operation Last Call cases were successful. HT, page 63, lines 20-25, page 64, lines 1-10.

After Mr. Piner pled guilty, Attorney Fees did not file any motions in his case or take any actions. HT, page 21, lines 7-11. He asked her to find out why he wasn't eligible for RRRI. She did not respond to his request. HT, page 21, lines 12-19. He did not discuss appealing his case with Attorney Fees, but he did want to appeal. HT, page 21, lines 20-25. He did not ask her to appeal his case because he felt he would not want her to be his attorney on appeal. HT, page 22, lines 1-6. Attorney Fees testified that she did not file a motion to withdraw Mr. Piner's plea because he did not ask her to. HT, page 43, lines 9-15. She did not believe there would have been any merit to such a motion. HT, page 43, lines 16-20. Similarly, Attorney Fees testified that she did not file an appeal for Mr. Piner because he did not ask her to. HT, page 43, lines 21-25, page 44, lines 1-5. She did not believe there was any basis on which to file an appeal. HT, page 44, lines 6-10.

Mr. Piner testified that he called Ms. Fees at least a dozen times and only spoke to her once. HT, page 12, lines 11-18. Mr. Piner testified that he only received one piece of mail from Ms. Fees during the time she represented him. HT, page 13, lines 18-21. Mr. Piner testified that he accepted the plea offer because he did not feel his attorney was prepared for trial. HT, page 19, lines 15-19. He thought he was pleading guilty to one charge and he was actually pleading guilty to eleven charges. HT, page 19, lines 10-16. When he filled

out his guilty plea colloquy he answered questions that listed all the charges he was pleading guilty to. HT, page 31, lines 16-19. More than one charge was listed. HT, page 31, lines 16-19. In the plea deal communicated directly to Mr. Piner from the Commonwealth, Mr. Piner was advised that the deal encompassed both local charges and charges filed by the Attorney General's Office. HT, page 29, lines 20-25, page 30, lines 1-3, Commonwealth's Exhibit 3. Mr. Piner maintains that Attorney Fees told him he was pleading to one charge at the time of the sentencing. Attorney Fees testified that while the term of 7 to 20 years never changed, she went back and forth with the Commonwealth over which specific charges he would plead to. HT, page 41, lines 18-25, page 42, lines 1-7.

Mr. Piner testified that he initially believed he was eligible for the Risk Recidivism Reduction Incentive program (RRRI) because Ms. Fees advised that he was. However, he later found that he was not eligible for RRRI. He pled guilty after finding out he was not eligible for RRRI. HT, page 20, lines 1-25, page 21, lines 1-6.The Commonwealth informed Mr. Piner in the letter sent with the plea deal that he would not be RRRI eligible. HT, page 30, lines 8-10, Commonwealth's Exhibit 3. At the time of sentencing Attorney Gorman informed the Court that Mr. Piner was not RRRI eligible and the Court also advised Mr. Piner that he was not RRRI eligible. HT, page 30, lines 15-21. Attorney Fees testified that she knew as of January 2013 that Mr. Piner was not RRRI eligible as it was communicated in the Commonwealth's letter. HT, page 42, lines 13-22, Commonwealth's Exhibit 3. Attorney Fees testified that she

does not believe she ever told Mr. Piner that he was RRRI eligible. HT, page 42, lines 23-25.

Mr. Piner testified that at the time of sentencing Attorney Fees read the colloquy to him and filled in the yes and no answers and then had him sign the written colloquy. HT, page 33, lines 14-22. The Court questioned Mr. Piner about this and he indicated that he participated in creating the guilty plea colloquy form and the answers provided to the questions were his answers. HT, page 34, lines 1-16. Attorney Fees reiterated that she went over the guilty plea colloquy with Mr. Piner and wrote down his answers to each question and he signed each page before going on to the next page. HT, page 48, lines 20-25, page 49, lines 1-2. The answers provided were Mr. Piner's answers and not her answers. HT, page 49, lines 3-4. Attorney Fees testified that she proceeded with the written colloquy in this way because Mr. Piner was in handcuffs. HT, page 51, lines 13-19.

Attorney Fees testified that she did not file a motion to challenge the constitutionality of the mandatory minimum sentencing statute because it was not discussed or requested. HT, page 44, lines 11-25, page 45, line 1. Attorney Fees further testified that because the U.S. Supreme Court decision that declared mandatory minimums unconstitutional did not come out until after the guilty plea there was no basis on which she could challenge the sentence. HT, page 45, lines 2-7.

Mr. Piner testified that he smelled alcohol on Attorney Fees once when she visited him at the jail and two times in Court. HT, page 22, lines 19-16.

He felt that she was intoxicated based on her lack of attention and failure to take notes. HT, page 23, lines 18-25, page 24, lines 1-2. He did not tell the judge or anyone at the jail that he smelled alcohol on Attorney Fees. HT, page 31, lines 1-6. He did not recall Attorney Fees slurring her speech or having trouble communicating in Court. HT, page 32, lines 12-22.

Don Witherspoon, the President of the Blair County Chapter of the NAACP, testified that he is Glenn Piner II's grandfather and that he attended some of the hearings in his case. HT, page 3, lines 4-16. He testified that when speaking with Attorney Tami Fees about the Defendant's case in the fall of 2013, he thought he smelled alcohol on her. HT, page 5, lines 7-21. He was standing three to four feet from her during the conversation. HT, page 6, lines 4-5. She was not slurring her speech and he did not have trouble communicating with her during that conversation. HT, page 8, lines 21-25, page 9, line 1.

Attorney Fees testified that she has never appeared intoxicated in court and that the allegations that she smelled like alcohol are ridiculous. HT, page 45, lines 8-16. Attorney Fees testified that she believes that if Mr. Witherspoon thought she was intoxicated he would have made that allegation known at the time due to his involvement and concern with this case. HT, page 46, lines 1-10. Attorney Fees also testified that she always takes the stairs in the courthouse and does not remember ever being in an elevator with Mr. Witherspoon. HT, page 46, lines 11-18. She further testified that if Mr. Piner thought she was intoxicated in court he should have brought it to the judge's

attention. HT, page 47, lines 1-7. She denies ever being intoxicated when meeting with or representing Mr. Piner in this case. HT, page 47, lines 8-10. Attorney Weeks testified that during the course of this case he has been as close as two feet away from Attorney Fees and never smelled alcohol or witnessed any sign of intoxication. HT, page 68, lines 1-4. He is under a duty to report any concerns he has in that regard to the Court. HT, page 68, lines 4-25, page 69, lines 1- 4.

## ANALYSIS

The issues will be discussed in the order in which they were raised in the Amended Petition for Post-Conviction Relief.

**Constitutional Violations**

*Failure to Appoint New Defense Counsel or Allow Petitioner to Obtain Private Counsel*

No evidence was presented at the hearing to show that Mr. Piner made a request or motion for new defense counsel or indicated he wished to obtain private counsel. Defendant's brief refers to the transcript of Jury Selection on January 14, 2013. The Court's review of that transcript reveals that Attorney Fees appeared in Court on that day and indicated that the circumstances of her suspension had been resolved because she had completed her Continuing Education Requirements. Jury Selection Transcript, page 1, lines 18-24. The Court does not see anywhere in that transcript where Mr. Piner requested a new attorney. Judge Milliron indicated of his own volition that in the event that Attorney Fees was not reinstated to practice law within the next 48 hours he would make sure Mr. Piner had new counsel. Attorney Fees was reinstated to

practice law. Based on the totality of the evidence presented at the PCRA hearing and the Jury Selection transcript, it does not appear that this claim is meritorious.

*Receipt of Unconstitutional Mandatory Minimum Sentence*

The mandatory minimum sentence that applied to Mr. Piner has now been held unconstitutional by *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151, 186 L.Ed. 2d 314 (2013). *Alleyne* has not been held to apply retroactively to cases on collateral review. *Com. v. Miller*, 2014 PA Super 214, ___ A.3d ___ (Pa. Super. 2014). Thus, Mr. Piner's argument based on *Alleyne* is without merit.

**Ineffective Assistance of Counsel**

A petitioner seeking to prove ineffective assistance of counsel must show, by a preponderance of the evidence, 1) that the claim is of arguable merit, 2) that counsel had no reasonable strategic basis for his or her action or inaction, and 3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Com v. Kimball*, 555 Pa. 299, 724 A.2d 326, 333 (Pa. 1999).

*Failure to Provide Defendant with Discovery*

It was established at the hearing that Attorney Fees and Mr. Piner met at the District Attorney's office at least twice to review the discovery. Mr. Piner was advised that additional meetings could occur if he wished. Attorney Fees did not receive any requests from him to set up an additional meeting. This claim is not of arguable merit.

*Failure to Adequately Review Discovery*

In addition to the meetings at the District Attorney's office where Attorney Fees was able to go over the discovery with Mr. Piner present, Attorney Fees was provided with all of the discs containing the discovery and could access them in her office. No evidence was presented to suggest that she had not reviewed the discovery or was not familiar with her client's case. This claim is not of arguable merit.

*Failure to File Meritorious Motions*

The evidence produced at the hearing clearly shows that Attorney Fees was in the process of preparing a motion to suppress the wiretaps at the time Mr. Piner decided to accept a plea. Even if this claim were of arguable merit, Attorney Fees had a reasonable basis for her failure to actually file the motion because the taking of a guilty plea includes giving up the right to file pretrial motions. Furthermore, none of the similar motions filed by Mr. Piner's co-defendants were successful which casts doubt on the suggestion of the Defendant that the outcome would have been different if such a motion had been filed.

*Failure to Timely Communicate Plea Offers*

There was no evidence produced at the hearing to suggest that there were plea offers on the table which were not communicated to Mr. Piner. He testified that he received several offers and that they were communicated in different ways. He emphasized that one of the main topics of conversation on occasions when he met with Attorney Fees was the current plea offer and

whether he should take it or not. It does not appear that Attorney Fees was ineffective in this regard because she advised Mr. Piner regarding his age when he would be released, the sentences his co-defendants were receiving or pleading to, and the evidence against him.

*Misrepresentation of Plea Offer*

There is no direct testimony to substantiate Mr. Piner's claim that Attorney Fees told him he was only pleading guilty to one charge. Attorney Fees testified that the term to be served remained the same while she negotiated with the Commonwealth as to which charges he would plead to. Even if Mr. Piner was under a mistaken belief that he was only pleading guilty to one charge, the number of years he was serving was accurately reported to him and he knew and understood he was pleading to 7 to 20 years. The record shows that Mr. Piner knew prior to taking the plea that he was pleading guilty to multiple charges and could have decided not to take the plea if he wished. Therefore this claim does not have merit.

*Failure to Advise Defendant He Was Not RRRI Eligible*

Mr. Piner was advised multiple times from multiple sources prior to pleading guilty that he was not RRRI Eligible. There is no merit to this claim.

*Failure to File Motion to Withdraw Plea*

Mr. Piner did not ask Attorney Fees to file a motion to withdraw his plea. She did not initiate the filing of such a motion on her own because she did not believe it would have been meritorious. Therefore there was a reasonable basis

for her inaction and she was not ineffective for failing to file a motion to withdraw the plea.

### Failure to Consult with Defendant Regarding the Filing of an Appeal

Mr. Piner testified that he would not have wanted Attorney Fees to file an appeal on his behalf. If he were to appeal he would have wanted a different attorney. He did not take steps to procure different counsel. He never asked Attorney Fees to file an appeal. Attorney Fees did not believe that there was a basis on which to file an appeal. Therefore, her inaction in this respect had a reasonable basis and does not amount to ineffective assistance of counsel.

### Failure to File a Meritorious Direct Appeal

As stated above, Mr. Piner did not request that Attorney Fees file an appeal and she did not believe there were any meritorious issues to raise on appeal. Therefore, Attorney Fees was not ineffective in this respect.

### Failure to Challenge the Constitutionality of the Mandatory Minimum Statute

At the time Mr. Piner pled guilty the U.S. Supreme Court had not yet held that the mandatory minimum sentencing statutes were unconstitutional. There was no basis on which Attorney Fees could challenge the mandatory minimums. The *Alleyne* decision did not come out during Mr. Piner's appeal period so he could not have filed a direct appeal on that basis. As stated above, *Alleyne* does not apply retroactively to cases on collateral review so it would not have made sense to challenge the mandatory minimum after the appeal period had run. Therefore Attorney Fees was not ineffective in this respect.

*Appearing on Behalf of the Defendant in an Intoxicated State*

The Court found the testimony of Attorney Fees and Attorney Weeks more credible than that of the Defendant with regard to whether Attorney Fees was under the influence of alcohol when appearing in Court. The Court itself did not observe Attorney Fees to have trouble following the proceedings, speaking coherently, or any of the common signs of intoxication when she appeared in Court. Mr. Witherspoon's testimony was that he thought he smelled alcohol on Ms. Fees, but that she was not slurring her speech and that he did not have trouble communicating with her during that converstion. Therefore, the Court does not believe that this claim has merit. Even if Attorney Fees had alcohol on her breath for some reason, she did not appear to the Court to be intoxicated and it did not appear to affect her representation of Mr. Piner.

## Unlawfully Induced Guilty Plea

*Defendant's Plea was Involuntary and Unknowing Due to Ineffective Representation and the Court's Refusal to Appoint New Counsel*

As discussed above, the Court does not believe that Attorney Fees provided ineffective assistance of counsel. Also as stated above, Mr. Piner did not make a request for new counsel. For these reasons this claim is not meritorious.

*Defendant's Plea was Unknowing and Unintelligent Due to the Threat of Receiving an Illegal Sentence*

As discussed above, *Alleyne* does not apply retroactively to cases on collateral review. Therefore, this claim is not meritorious.

For all the above reasons, we enter the following:

**ORDER**

AND NOW, this _11th_ day of December 2014, this matter having come before the Court for consideration of Defendant's Petition for Post Conviction Relief, it is hereby ORDERED, DIRECTED, and DECREED that the Petition is DENIED and DISMISSED.

BY THE COURT:

_____J.