J-S34039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL GENTHER | |
| Appellant | Nos. 1666 MDA 2014 AND 1667 MDA 2014 |

Appeal from the Order Entered September 3, 2014
In the Court of Common Pleas of Centre County
Criminal Division at Nos: CP-14-CR-0001651-2007 and CP-14-CR-0000691-2008

BEFORE:  BOWES, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED AUGUST 27, 2015**

Appellant, Michael Genther, appeals from the September 3, 2014 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

At docket number 1651 of 2007, Appellant pled guilty to a single count of stalking[1] in connection with four threatening phone calls he made to his estranged wife.  On January 2, 2008, the trial court sentenced Appellant to serve three and one-half to seven years of incarceration, the statutory

---

[1]  18 Pa.C.S.A. § 2709.1(a)(2).

maximum.[2]  On November 4, 2009 this Court affirmed the judgment of sentence.  ***Commonwealth v. Genther***, 988 A.2d 719 (Pa. Super. 2009) (table; 2020 MDA 2008).  Appellant did not seek allowance of appeal in the Pennsylvania Supreme Court.

At docket number 691 of 2008, the Commonwealth charged Appellant with stalking and retaliating against a witness[3] in connection with several letters Appellant sent from prison in which he threatened to harm or kill his wife.  The trial court, sitting as finder of fact, found Appellant guilty of those charges and on December 15, 2008 imposed concurrent three and one-half to seven year sentences for stalking and retaliating against a witness.  The sentence at docket number 691 of 2008 was to run consecutively to the sentence at number 1651 of 2007.  This Court affirmed the judgment of sentence on November 24, 2009.  ***Commonwealth v. Genther***, 988 A.2d 719 (Pa. Super. 2009) (table; 338 MDA 2009).  Appellant did not seek allowance of appeal in the Pennsylvania Supreme Court.

On May 21, 2010, Appellant filed a timely first PCRA petition referencing both docket numbers.  Appointed counsel filed an amended petition on January 11, 2011.  The petition alleged various counts of

---

[2]  The offense was graded as a third-degree felony under the circumstances of this case, per 18 Pa.C.S.A. § 2709.1(c)(2), and the maximum sentence for a third-degree felony is seven years, per 18 Pa.C.S.A. § 1103(3).

[3]  18 Pa.C.S.A. § 4958(b).

ineffective assistance of counsel. On November 4, 2011, the PCRA court entered an order granting partial relief on Appellant's amended petition. Specifically, the November 4, 2011 order reinstated Appellant's right to seek allowance of appeal in the Pennsylvania Supreme Court. The November 4, 2011 order referenced only docket number 691 of 2008. Despite the PCRA court's order, Appellant failed to file a petition for allowance of appeal.

Appellant took no further action in this case until February 20, 2013, on which date he filed, through counsel, a petition to "reinstate" his prior PCRA petition at number 691 of 2008. Appellant filed a similar petition at number 1651 of 2007, even though that petition was still pending.[4] On July 10, 2013, the PCRA court conducted a hearing on Appellant's petitions to

_____

[4] According to the PCRA court's opinion in support of the order on appeal, it intended for the November 4, 2011 order to apply to both docket numbers. PCRA Court Opinion, 9/3/14, at 2 n.1. Regardless, the PCRA court docketed the order only at number 691 of 2008. The apparent error is of no moment, as Appellant's sole assertion of error on direct appeal at number 1651 of 2007 was the trial court's abuse of its sentencing discretion. This Court found the argument lacking in merit, and § 9781(f) of the Judicial Code forbids further appellate review. 42 Pa.C.S.A. § 9781(f) ("No appeal of the discretionary aspects of the sentence shall be permitted beyond the appellate court that has initial jurisdiction for such appeals."); *Commonwealth v. Rosario*, 635 A.2d 109, 109-10 (Pa. 1993) (noting that § 9781(f) deprives the Supreme Court of jurisdiction to review the discretionary aspects of a sentence). The Supreme Court can review issues such as our application of the Sentencing Code (*see Commonwealth v. Mouzon*, 812 A.2d 617, 622 (Pa. 2002)), but Appellant has disavowed any intent to do so here. Thus, reinstatement of Appellant's right to seek allowance of appeal at number 1651 of 2007 would have been futile.

reinstate.[5] At the conclusion of the hearing, the PCRA court granted relief, purportedly reinstating Appellant's prior PCRA petition at both docket numbers. After several continuances, the PCRA court conducted a merits hearing on June 6, 2014. On September 3, 2014, the Court entered an order denying relief.

Appellant raises three issues for our review:

I.      Did the lower court err in finding that Appellant's prior counsel did not render ineffective assistance of counsel by failing to brief properly Appellant's sentencing proportionality issue in Appellant's direct appeal to the Superior Court which failure led directly to the denial of Appellant's direct appeal?

II.     Did the lower court err in finding that Appellant's prior counsel did not render ineffective assistance of counsel by failing to pursue on direct appeal the issue of admissibility into evidence of letters allegedly written by Appellant which letters formed the basis of the Commonwealth's prosecution?

III.    Did the lower court err in finding that Appellant's prior counsel did not render ineffective assistance of counsel by failing to file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court from the denial of Appellant's direct appeal by the Pennsylvania Supreme Court?

Appellant's Brief at 4.

---

[5] The certified record does not contain a transcript of the July 10, 2013 hearing.

All three of Appellant's issues pertain to number 691 of 2008.[6] Before we consider the merits, we must discern whether jurisdiction lapsed at that docket number. "[T]he PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition." *Commonwealth v. Cristina*, 114 A.3d 419, 421 (Pa. Super. 2015). The timeliness of a PCRA petition is a question of law for which our standard of review is *de novo*. *Commonwealth v. Fahy*, 959 A.2d 312, 316 (Pa. 2008).

As we explained above, the PCRA court entered an order on November 4, 2011 reinstating Appellant's right to file a petition for allowance of appeal with the Pennsylvania Supreme Court at number 691 of 2008. Appellant never did so. The Rules of Appellate procedure require a petition for allowance of appeal to the Supreme Court to be filed within thirty days of the entry of the order to be reviewed. Pa.R.A.P. 1113(a). Appellant therefore had until December 5, 2011 to file his *nunc pro tunc* petition for allowance of appeal (the thirtieth day fell on Sunday, December 4). Pursuant to § 9545(b)(3), therefore Appellant's judgment of sentence became final as of that date. Pursuant to § 9545(b)(1), Appellant had until December 5, 2012 to file a PCRA petition at number 691 of 2008.

_____

[6] Appellant, in his argument in support of issue III, recognizes that a petition for allowance of appeal to the Supreme Court at number 1651 of 2007 would have been futile in this case. Appellant's Brief at 25.

The PCRA court therefore had no jurisdiction to entertain Appellant's February 20, 2013 petition to "reinstate." The prior petition at number 691 of 2008 concluded with a final order reinstating Appellant's direct appeal. Any collateral issues Appellant wished to raise in that case were thus deferred until the conclusion of Appellant's *nunc pro tunc* appeal. ***See Commonwealth v. Liston***, 977 A.2d 1089 (Pa. 2009). The February 20, 2013 petition to "reinstate" was simply a new, untimely PCRA petition filed more than one year after the conclusion of Appellant's *nunc pro tunc* direct appeal.

In summary, jurisdiction has lapsed at number 691 of 2008, and Appellant does not present any issues with regard to the prosecution at 1651 of 2007. We therefore affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/27/2015

- 6 -