J-S85038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CLIFFORD MURRAY, | : | |
| | : | |
| Appellant | : | No. 1140 EDA 2016 |

Appeal from the PCRA Order March 14, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0826351-1981

BEFORE: PANELLA, RANSOM and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED FEBRUARY 28, 2017**

Clifford Murray ("Murray"), *pro se*, appeals from the Order dismissing his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

On December 17, 1984, Murray was sentenced to life in prison, following his conviction of first-degree murder.[2] The trial court additionally sentenced Murray to concurrent 5-10 year prison terms for his conviction of criminal conspiracy and possession of an instrument of crime.[3] Murray filed no direct appeal from his judgment of sentence.

On December 16, 1996, Murray filed a *pro se* PCRA Petition seeking the reinstatement of his direct appeal rights, *nunc pro tunc*. The PCRA court

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. § 2502(a).

[3] 18 Pa.C.S.A. §§ 903, 907.

granted Murray's Petition. On February 14, 2005, this Court affirmed Murray's judgment of sentence, but reserved to Murray the right to raise his claim of ineffective assistance of counsel in a subsequent PCRA Petition. *Commonwealth v. Murray*, 873 A.2d 770 (Pa. Super. 2005) (unpublished memorandum). On November 30, 2005, the Pennsylvania Supreme Court denied Murray's Petition for allowance of appeal, but likewise reserved to Murray the right to raise his claim of ineffective assistance of counsel in a subsequent PCRA Petition. *Commonwealth v. Murray*, 889 A.2d 1214 (Pa. 2005).

On February 27, 2007, Murray filed his first Petition for relief under the PCRA. On October 19, 2009, after an evidentiary hearing, the PCRA court denied Murray's Petition. Following procedural matters not related to this appeal, this Court affirmed the PCRA court's Order, after which our Supreme Court denied allowance of appeal. *Commonwealth v. Murray*, 38 A.3d 910 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 49 A.3d 443 (Pa. 2012).

Murray, *pro se*, filed the instant PCRA Petition on February 1, 2016. After appropriate Notice, on March 14, 2016, the PCRA court dismissed Murray's Petition as untimely filed. Thereafter, Murray filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Murray presents the following claims for our review:

(1) Did the [PCRA] court err, as a matter of law, in finding that the PCRA [P]etition was untimely[,] and that the [P]etition did not properly invoke a timeliness exception to the [PCRA's] time bar?

(2) Did the [PCRA] court err by not holding an evidentiary hearing[,] given that a valid timeliness exception had been invoked[,] and the claim raised in the [P]etition was meritorious?

Brief for Appellant at 5.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Montalvo***, 114 A.3d 401, 409 (Pa. 2015) (citation and internal quotation marks omitted).

> This Court's scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party, in this case, the Commonwealth. ***See***, ***e.g.***, ***Commonwealth v. Duffey***, 585 Pa. 493, 889 A.2d 56, 61 (Pa. 2005); ***Commonwealth v. Meadius***, 582 Pa. 174, 870 A.2d 802 (Pa. 2005). In addition, "[t]he level of deference to the hearing judge may vary depending upon whether the decision involved matters of credibility or matters of applying the governing law to the facts as so determined." ***Commonwealth v. Reaves***, 592 Pa. 134, 923 A.2d 1119, 1124 (Pa. 2007) (citations omitted).

***Commonwealth v. Fahy***, 959 A.2d 312, 316 (Pa. 2008).

Murray first challenges the PCRA court's dismissal of his Petition as untimely filed. The timeliness of a PCRA petition is a jurisdictional requisite for seeking relief under the PCRA. ***Commonwealth v. Zeigler***, 148 A.3d 849, 853 (Pa. Super. 2016). Under the PCRA, all petitions seeking collateral relief must be filed within one year of the date the judgment of sentence

becomes final. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007); 42 Pa.C.S.A. § 9545(b)(1). The three exceptions to the one-year filing requirement are for newly-discovered facts, interference by a government official, and a newly-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A PCRA petitioner asserting one of the three exceptions also must present his claim within sixty days of the date the claim first could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

> As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the [PCRA] court has no power to address the substantive merits of a petitioner's PCRA claims.

***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000).

Here, Murray's judgment of sentence became final on February 28, 2006, ninety days after the Pennsylvania Supreme Court denied his Petition for allowance of appeal. ***See*** Sup. Ct. R. 13 (requiring a petition for *certiorari* to be filed within 90 days of judgment entered by a state court of last resort); ***see also Commonwealth v. Callahan***, 101 A.3d 118, 122 (Pa. Super. 2014) (stating that when a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc*, "a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes."). Murray filed the instant Petition on February 1, 2016, and consequently, Murray's PCRA Petition is facially untimely.

Murray claims an exception to the PCRA's timeliness requirement based upon his discovery that at the time of trial, his counsel, Nino Tinari, Esquire ("Attorney Tinari"), represented the Philadelphia Police Department in defending claims of police brutality. Brief for Appellant at 8. According to Murray, Attorney Tinari had a direct conflict of interest, and should have requested permission to withdraw as counsel to Murray, or as counsel to the Philadelphia Police Department. *Id.* Murray argues that "[t]his newly discovered evidence of counsel ineffectiveness clearly satisfied the requirements of 42 Pa.[C.S.A.] § 9545(b)(1)(ii)." Brief for Appellant at 9 (internal quotation marks omitted). Citing this Court's decision in *Commonwealth v. Burton*, 121 A.3d 1063 (Pa. Super. 2015) (*en banc*), *appeal granted*, 134 A.3d 446 (Pa. 2016), Murray contends that exercising due diligence, he could not have discovered this information because he "does not have access to information that is readily available to the public." Brief for Appellant at 14 (emphasis omitted).

Generally, matters of public record ordinarily do not support the newly-discovered facts exception found at Section 9545(b)(1)(ii). *Commonwealth v. Lopez*, 51 A.3d 195, 199 (Pa. 2012); *Commonwealth v. Chester*, 895 A.2d 520, 523 (Pa. 2006). In *Burton*, an *en banc* panel of this Court addressed the question of "the appropriate level of diligence required of an untimely PCRA petitioner[.]" *Burton*, 121 A.3d at 1070. Our Court explained that "[d]ue diligence demands that the petitioner take

reasonable steps to protect his own interests[.]" ***Id.*** (citations omitted).

Regarding publically accessible information, this Court opined that

> [t]he general rule is reasonable when we may conclude that the petitioner retains access to public information, such as when a petitioner is represented by counsel. ***See, e.g.,*** [***Commonwealth v.***] ***Taylor,*** 67 A.3d [1245,] 1247 [(Pa. 2013)] (stating that each of the petitioner's three petitions for collateral relief were prepared by counsel); [***Commonwealth v.***] ***Chester***, 895 A.2d [520,] 522 [Pa. 2006)] (stating that petitioner was represented by counsel during pendency of his second petition); ***Commonwealth v. Whitney***, 817 A.2d 473, 474, 572 Pa. 468 (Pa. 2003) (noting that petitioner had the benefit of counsel). In such cases, public records should be presumptively knowable.
>
> However, a *pro se* petitioner does not have access to information otherwise readily available to the public. That is elementary: A PCRA petitioner is most often incarcerated, and thus, no longer a member of the public. ***See*** 42 Pa.C.S.[A.] § 9543(a)(1). Without counsel's providing a conduit to publicly available information, a presumption of access is cynical, and the strength of the general rule falters. Thus, the Supreme Court has expressly recognized the importance of *access* to the public information.

***Burton***, 121 A.3d at 1072 (emphasis in original). As a result, the court's due diligence inquiry is fact-sensitive and dependent upon the circumstances presented. ***Id.*** at 1070.

In his Petition, Murray alleged that the Philadelphia Police unlawfully coerced a statement from him by subjecting him to "physical and emotional torture[.]" PCRA Petition, 2/1/16, at 20. Murray asserts that Attorney Tinari advised him not to raise this issue because, "if presented to the jury, [it] would only be considered as the rantings of a criminal defendant who was seeking refuge under the umbrella of racially motivated prejudice …." ***Id.*** at

21. Murray claims that he discovered Attorney Tinari's conflict from another inmate, and filed his Petition within 60 days thereafter. *Id.* at 23. Murray attached to his Petition, an August 15, 1989 petition for post-conviction collateral relief filed by his fellow inmate, Daniel H. Greene ("Greene").

Our review discloses that Murray failed to plead and prove how, with the exercise of due diligence, he was unable to discover Attorney Tinari's alleged conflict within one year following the date upon which his judgment of sentence became final. As alleged by Murray, Attorney Tinari's representation of the Philadelphia Police Department was known to Greene in 1989. The record reflects that Murray was represented by counsel throughout the litigation of his first, timely PCRA Petition. In accordance with ***Burton***, we can presume that Murray, through his counsel, retained access to this public information. ***See Burton***, 121 A.3d at 1072. Thus, Murray failed to establish an exception to the PCRA's timeliness requirement.

Because Murray failed to establish an exception to the PCRA's timeliness requirement, we conclude that the PCRA court properly dismissed

his Petition as untimely filed.[4]  Accordingly, we affirm the Order of the PCRA court.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2017

---

[4] Based upon our conclusion that Murray's PCRA Petition is untimely, and not subject to any exception to the PCRA's timeliness requirement, we need not address Murray's remaining claim.