959 A.2d 312

COMMONWEALTH of Pennsylvania, Appellee

v.

Henry FAHY, Appellant.

Supreme Court of Pennsylvania.

Submitted Sept. 15, 2008.

Decided Nov. 21, 2008.

Matthew C. Lawry, Defender Ass'n of Philadelphia, for Henry Fahy, appellant.

Amy Zapp, Harrisburg, Hugh J. Burns, Jr., Philadelphia Dist. Attorney's Office, for the Com. of PA.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY and GREENSPAN, JJ.

## OPINION

Justice GREENSPAN.

In this capital case, we decide whether the Court of Common Pleas of Philadelphia County erred when it limited the

scope of its hearing on the fifth petition filed by Appellant Henry Fahy under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–46. We affirm.[1]

In 1983, Appellant was convicted of murder in the first degree, rape, burglary, and possession of an instrument of crime for the brutal rape and slaying by strangulation of twelve-year old Nicoletta Caserta inside her home. The jury sentenced the Appellant to death after finding that the two mitigating circumstances it found were outweighed by three aggravating circumstances established by the Commonwealth.[2] Following the imposition of that sentence, Appellant filed a direct appeal to this Court, which affirmed the judgment of sentence. *Commonwealth v. Fahy*, 512 Pa. 298, 516 A.2d 689 (1986). Appellant did not seek review in the United States Supreme Court and his conviction became final for purposes of the PCRA on January 19, 1987, ninety days after the judgment of sentence was affirmed. *See* 42 Pa.C.S. § 9545(b)(3) (a judgment becomes final under the PCRA at the conclusion of direct review, including discretionary review in the Supreme Court of the United States).

Appellant filed his first *pro se* petition for collateral review under the Post Conviction Hearing Act, 42 Pa.C.S. §§ 9541–46, in 1986, but took no further action on the petition. The petition was dismissed the following year. Thereafter, in November 1991, the Governor of Pennsylvania signed a warrant for Appellant's execution, scheduled for the week of January 13, 1992. On January 7, 1992, retained counsel filed a petition for stay of execution and appointment of counsel with

1. An order denying post conviction relief in a case where the death penalty has been imposed is directly reviewable by this Court. 42 Pa.C.S. § 9546(d).

2. The jury found that the aggravating circumstances set forth at 42 Pa.C.S. § 9711(d)(6) (murder committed while in the commission of a felony), 42 Pa.C.S. § 9722(d)(8) (murder committed by torture), and 42 Pa.C.S. § 9711(d)(9) (significant history of violent felony convictions) were established beyond a reasonable doubt by the evidence. The mitigating factors found by the jury were that Appellant was under the influence of extreme mental or emotional disturbance, 42 Pa.C.S. § 9711(e)(2), and that the capacity of Appellant to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law was substantially impaired. 42 Pa.C.S § 9711(e)(3).

this Court. This Court remanded the matter to the Court of Common Pleas for a hearing on whether the aggravating circumstance of torture had been proved. On September 14, 1992, a hearing was held and the PCRA court denied relief. This Court affirmed the denial of collateral relief. *Commonwealth v. Fahy*, 537 Pa. 533, 645 A.2d 199 (1994).

The Governor signed a second death warrant on May 19, 1995. On July 7, 1995, this Court granted a stay to permit Appellant thirty days in which to file another petition for collateral relief. Appellant filed his third petition on August 4, 1995. A hearing was held and on October 25,1995, Appellant's third petition was denied. Appellant appealed to this Court.

While his appeal was pending, Appellant personally petitioned the PCRA court asking it to permit him to waive all collateral proceedings and to withdraw all appeals in order that the death sentence be carried out. This Court ordered a remand for a hearing to ascertain whether Appellant fully understood the rights he wished to waive after his attorney filed a motion for the PCRA court to determine Appellant's competency to waive his rights.

Appellant appeared before the PCRA court on August 2, 1996, and requested that the hearing be postponed for a week to allow him more time to decide whether or not to waive his right to further review. The request was granted and a week later, after an extensive colloquy, the PCRA court concluded that Appellant was competent to waive his right to collateral review and further appellate proceedings. Even though Appellant had made it clear that he no longer wished to contest his conviction and sentence, Appellant's counsel from the Center for Legal Education, Advocacy & Defense Assistance (CLEADA) filed an appeal to this Court, alleging that Appellant did not want to waive his rights to collateral and appellate review.

On September 17, 1997, this Court held unanimously that Appellant had knowingly waived all collateral or appellate proceedings in the August 1996 colloquy. *Commonwealth v.*

*Fahy,* 549 Pa. 159, 700 A.2d 1256 (1997). Nine days later, CLEADA filed an application for reargument that was denied.

On November 12, 1997, CLEADA filed in Appellant's name a fourth petition for collateral relief. The PCRA court dismissed Appellant's PCRA petition. An appeal was filed and on August 27, 1999, this Court affirmed. *Commonwealth v. Fahy,* 558 Pa. 313, 737 A.2d 214, 216–217 (1999).

On January 27, 2006, Appellant filed the instant—his fifth— PCRA petition. In it he alleged that he was entitled to a new trial because of a pattern of racial discrimination exhibited by the Philadelphia District Attorney's Office involving the jury selection process. In response, the Commonwealth argued that Appellant was not entitled to relief for several reasons including that the Appellant failed to file his PCRA petition in a timely fashion. However, the PCRA court determined that Appellant's fifth petition had been timely filed. The PCRA court then held an evidentiary hearing on the limited issue of whether it was the policy and practice of the Philadelphia District Attorney's Office to discriminate in the jury selection process.[3] On April 26, 2007, the PCRA court issued an order denying Appellant relief and the instant appeal followed.

Appellant raises the following claim:

The lower court erred by limiting Appellant's hearing solely to proof of a policy or culture of discrimination by the Philadelphia District Attorney and further erred by denying Appellant the opportunity to develop and prove discrimination in his case.

Before we proceed with a review of the merits of this issue, we must ascertain whether the PCRA court was correct in its

---

**3.** The PCRA court did not permit Appellant to present certain evidence that he asserts establishes that the Philadelphia District Attorney's Office, in fact, engaged in discriminatory practices during jury selection. Although it is not clear from Appellant's Brief, it appears that this evidence consisted of two studies done by professors David Baldus and George Woodworth, "Racial Discrimination and the Death Penalty in the Post–Furman Era: An Empirical and Legal Overview, with Recent Findings from Philadelphia," 83 Cornell L.Rev. 1638 (1998) and "The Use of Peremptory Challenges in Capital Murder Trials: A Legal and Empirical Analysis," U.Pa. J. Const. L. 3 (2001).

conclusion that Appellant timely filed his fifth PCRA petition for, if he did not, we are without jurisdiction to address his claim. *Commonwealth v. Abu–Jamal,* 596 Pa. 219, 941 A.2d 1263 (2008) (holding PCRA time limits are jurisdictional in nature and must be strictly construed).

Pursuant to 42 Pa.C.S. § 9545(b)(1), any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." Because Appellant filed his most recent petition more than nineteen years after his conviction became final, it is clear that it is untimely on its face. Nevertheless, the PCRA provides narrow exceptions to the jurisdictional time bar, all of which a petitioner is required to invoke "within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

In his fifth PCRA petition, and in his brief to this Court, Appellant invokes the exception set forth in 42 Pa.C.S. § 9545(b)(1)(ii): "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence."[4] The "newly discovered" material Appellant relies upon consists of a copy of notes recorded during a lecture on jury selection given in 1990 by Bruce Sagel, Esquire, of the Philadelphia District Attorney's Office. Appellant argues that his invocation of the exception is timely because he filed his petition within 60 days of November 28, 2005, the date on which the identity of the assistant district attorney who recorded the notes was revealed.[5] Appellant concedes that Philadelphia Magazine published an article in 1997 raising questions about the practices of the Philadelphia District Attorney's Office with respect to racial discrimination in jury selection. But Appellant insists that he could not have raised the claim prior to November 28, 2005, because he did not know about the magazine article, was unaware of the identity of the assistant district attorney who

---

4. Appellant also invoked the governmental interference exception in his PCRA petition. He has since abandoned reliance on that exception.

5. Mr. Sagel revealed the identity of the assistant prosecutor who took the notes while testifying in an unrelated matter in federal court. Appellant's Brief at 5 (citing *Bond v. Beard,* 2006 WL 1117862, No. 02–CV–08592–JF (E.D.Pa. April 24, 2006)).

took the notes and who was mentioned anonymously in the article, and did not have a complete set of the notes themselves before that date. Appellant's Brief at 4–5.

The PCRA court accepted Appellant's argument and ruled that because the Appellant had filed his fifth PCRA petition within sixty days of November 28, 2005, the petition had been timely filed. Specifically, the PCRA court stated in its opinion that the instant petition was timely filed because: "1) there is no evidence that [Appellant] had actual notice of the Philadelphia Magazine article and, 2) [the] article did not contain sufficient facts on which a valid PCRA petition [could] be based." PCRA Court Opinion at 5.

In his brief to this Court, Appellant argues that we should not engage in a review of the timeliness of his petition because "[l]ongstanding Pennsylvania law requires that an appellate court defer to a lower court's fact finding." Appellant's Brief at 7. He adds that since "the lower court held a hearing and determined that the petition was timely filed ... [t]his Court must defer to the lower court's finding, and address the merits of Appellant's argument." *Id.* Appellant's position on this issue is not in accordance with the law.

"Questions regarding the scope of the statutory exceptions to the PCRA's jurisdictional time-bar raise questions of law; accordingly, our standard of review is *de novo*". *Commonwealth v. Chester*, 586 Pa. 468, 895 A.2d 520, 522 n. 1 (2006). "As a general proposition, an appellate court reviews the PCRA court's findings to see if they are supported by the record and free from legal error." *Commonwealth v. Reyes*, 582 Pa. 317, 870 A.2d 888, 893 n. 2 (2005). This Court's scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party, in this case, the Commonwealth. *See, e.g., Commonwealth v. Duffey*, 585 Pa. 493, 889 A.2d 56, 61 (2005); *Commonwealth v. Meadius*, 582 Pa. 174, 870 A.2d 802 (2005). In addition, "[t]he level of deference to the hearing judge may vary depending upon whether the decision involved matters of credibility or matters

of applying the governing law to the facts as so determined." *Commonwealth v. Reaves*, 592 Pa. 134, 923 A.2d 1119, 1124 (2007) (citations omitted).

■ The application of these standards to the matter at hand leads ineluctably to the conclusion that the PCRA court erred in ruling that the exception to the timeliness requirements set forth in Section 9545(b)(1)(ii) was satisfied here. The claimed "newly discovered evidence" was in the public record and could have been discovered through exercise of reasonable diligence. Further, the PCRA court misconstrued what constitutes newly discovered evidence.

In *Commonwealth v. Marshall*, 596 Pa. 587, 947 A.2d 714 (2008), this Court considered the very same evidence Appellant proffers here: the identity of the assistant prosecutor who took notes during the Sagel lecture and a complete copy of his notes. This Court held the materials did not satisfy the PCRA's timeliness exception relating to newly discovered evidence:

Appellant also invokes exception (b)(1)(ii), for after-discovered facts, to excuse his untimely, second PCRA petition, but again, Appellant can not satisfy his burden thereunder. Appellant contends that he was unable to present his claim until Mr. Sagel revealed the identity of the author of the notes at issue. Because Appellant's petition was filed within 60 days of Mr. Sagel's testimony as to Mr. Lentz's authorship of the notes, Appellant contends that his petition was therefore timely ... Appellant provides no evidence or argument that he could not have obtained the identity of the author of the notes from Mr. Sagel, or from another source, prior to Mr. Sagel's testimony. Thus, Appellant has not carried his burden under Section 9545(b)(2) to establish that he presented his claim within 60 days of the time it could first have been presented ... The after-discovered "fact" on which Appellant relies is the contention, based on the Sagel and McMahon lectures, of a policy of racial discrimination in jury selection in the District Attorney's Office. The investigative report that discussed both lectures and concluded therefrom that a discriminatory policy was extant in the

District Attorney's Office, was published in Philadelphia Magazine in June 1997, and thus was public knowledge prior to the filing of Appellant's supplemental petition on October 24, 1997.

*Commonwealth v. Marshall,* 947 A.2d at 721. Marshall's PCRA petition was filed on January 27, 2006, the same day as Appellant's petition in this case. As this Court held that Marshall's claim, based on the same alleged "after-discovered facts" as those asserted here, was untimely, then clearly Appellant's claim in the instant case is also untimely. There is no basis to distinguish this case from *Marshall*; the claims, and their timing, are identical. Appellant has not established an exception to the PCRA timeliness requirements, and thus he was not even entitled to the hearing the PCRA court held. We need not reach the merits of Appellant's claim, that the PCRA court erred in limiting the scope of the hearing, because no hearing was warranted. Indeed, we would have affirmed the PCRA court if it had held no hearing at all. *Id.* at 723. Accordingly, we affirm the PCRA court's decision denying relief.

Order affirmed.[6]

Chief Justice CASTILLE, Justices SAYLOR, EAKIN, BAER, TODD and Justice McCAFFERY join the opinion.

---

6. The Prothonotary of the Supreme Court is directed to transmit the complete record of this case to the Governor pursuant to 42 Pa.C.S. § 9711(i).