J-S59026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| EARL GALE | |
| Appellant | No. 3418 EDA 2013 |

Appeal from the PCRA Order November 6, 2013
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006569-1992

BEFORE: SHOGAN, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED SEPTEMBER 30, 2014**

Earl Gale appeals, *pro se*,[1] from the order dismissing, as untimely, his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541-9546.[2] Because Gale's petition is untimely and he fails to

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] After PCRA counsel filed a **Turner**/**Finley** "no-merit" letter, the trial court granted counsel's request to withdraw. **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

[2] The standard of review applied by appellate courts to an order denying PCRA relief is well-settled. The appellate court must determine whether the evidence of record supports the PCRA court's factual determinations and whether the PCRA court's legal conclusions are free of legal error. **Commonwealth v. Johnson**, 966 A.2d 523, 532 (Pa. 2009). Moreover, the question of whether a PCRA petition is timely raises a question of law. **Commonwealth v. Fahy**, 959 A.2d 312 (Pa. 2008). Where a petitioner raises a question of law, the standard of review is *de novo* and the scope of

*(Footnote Continued Next Page)*

plead and prove any recognized exception to the timeliness provisions of the PCRA, we affirm.

In 1993, Gale was convicted by a jury of first-degree murder and related offenses and subsequently sentenced to life imprisonment. The convictions stemmed from a drive-by shooting that took place in Delaware County; Gale was the front-seat passenger in the car from which the deadly bullets were fired. Gale's judgment of sentence was affirmed on direct appeal in April 1995 and the Pennsylvania Supreme Court denied Gale's petition for allowance of appeal in November 1995. On November 26, 1997, Gale filed his first PCRA petition. After an evidentiary hearing, the court denied the petition. Following an unsuccessful collateral appeal and petition for allowance of appeal, Gale filed a second PCRA petition on August 25, 2000. The trial court denied this second petition as untimely. Our Court affirmed the PCRA court's order. On May 11, 2012, Gale filed the instant, his third, PCRA petition claiming that he is entitled to relief based upon the recent United States Supreme Court decisions, ***Missouri v. Frye***, 132 S.Ct. 1399 (2012), and ***Lafler v. Cooper***, 132 S.Ct. 1376 (2012). The PCRA court dismissed the petition as untimely. He now appeals.

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯

review is plenary. ***Commonwealth v. Taylor***, 65 A.3d 462 (Pa. Super. 2013).

Instantly, Gale's judgment of sentence became final on February 14, 1996, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal and the time expired to seek certiorari in the United States Supreme Court. *See* 42 P.C.S. § 9545(b)(1) (PCRA petition shall be filed within one year of date judgment becomes final unless recognized exception pled and proven); Sup. Ct. R. 13. Gale's petition, filed in May 2012, therefore, was filed more than 15 years late under the PCRA. Moreover, the argument Gale makes to overcome the untimeliness of his petition, that *Frye*[3] and *Lafler* announce a new, retroactively applied constitutional right under the PCRA, has been rejected by this Court. *See Commonwealth v Feliciano*, 69 A.3d 1270 (Pa. Super. 2013) (*Frye* and *Lafler* do not set forth new rules of constitutional law and are not applicable retroactively to satisfy section 9545(b)(1)(iii) timeliness exception for PCRA petitioners); *see also Commonwealth v. Hernandez*, 79 A.3d 649 (Pa. Super. 2013) (further explaining holding of *Feliciano*).[4]

---

[3] In *Frye*, the Supreme Court held that a defendant's Sixth Amendment right to counsel is violated when counsel allows a plea offer extended by the prosecution to expire without advising the defendant of the offer or allowing him to consider it. 132 S.Ct. at 1408. *Lafler* reiterated *Frye's* holding.

[4] Gale argues that because *Feliciano* and *Hernandez* had not yet been decided at the time he *filed* his petition in May 2012, the trial court improperly determined that his petition did not meet the timeliness exception under section 9545(b)(1)(iii). What Gale fails to recognize, however, is the fact that both *Feliciano* and *Hernandez* were decided *prior* to the PCRA court's ruling on his petition. Therefore, the PCRA judge

*(Footnote Continued Next Page)*

Because the timeliness requirements for filing a PCRA petition are jurisdictional in nature, the lack of a timely filed petition deprives the court of jurisdiction to even entertain the issues raised by a petitioner. **Commonwealth v. Breakiron**, 781 A.2d 94 (Pa. 2001). Therefore, the PCRA court properly dismissed Gale's petition without a hearing and without considering its merits. **Id.**; **Johnson**, **supra**.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2014

---

*(Footnote Continued)* ―――――――――

properly applied the relevant law as it stood at the time of his decision when he considered and dismissed Gale's untimely petition.