J-S01034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | |
| v. | : | |
| | : | |
| EVAN SMITH, | : | |
| | : | |
| Appellant | : | No. 487 MDA 2016 |

Appeal from the PCRA Order February 23, 2016
in the Court of Common Pleas of York County,
Criminal Division, No(s):  CP-67-CR-0000418-2012

BEFORE:  GANTMAN, P.J., DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED MARCH 30, 2017**

Evan Smith ("Smith") appeals from the Order denying his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  *See* 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In its Opinion, the PCRA court thoroughly set forth the factual and procedural history, which we adopt herein for the purpose of this appeal. *See* PCRA Court Opinion, 5/12/16, at 1-9.

As an addendum, we observe that Smith was convicted of numerous sexual offenses, some of which had applicable statutory mandatory minimum sentences under 42 Pa.C.S.A. § 9718(a) (governing sentences for

offenses against minors).[1] Smith was represented at trial by William Graff, Esquire ("Attorney Graff" or "trial counsel"). On direct appeal, Smith was represented by Heather Reiner, Esquire ("Attorney Reiner").

In this timely appeal, Smith presents the following issues for our review:

I. Whether the [PCRA c]ourt erred in denying relief for Attorney Graff being ineffective for failing to property [*sic*] contest the evidence against him, specifically the DNA evidence that was found on the condom?

II. Whether the [PCRA c]ourt erred in denying relief based on Attorney Graff's failure to interview and call witnesses on [Smith's] behalf, specifically Robert Fleshman [(hereinafter "Fleshman")]?

III. Whether the [PCRA c]ourt erred in denying relief based on Attorney Graff and Attorney Reiner failing to challenge the mandatory sentences that were imposed on [his convictions,] of 15 to 30 years, after the U[.]S[.] Supreme Court decision in **Alleyne v. United States**[, 133 S. Ct. 2151 (2013)[2]]?

---

[1] Section 9718(a) applied to Smith's following convictions: two counts of rape of a child less than 13 years of age, 18 Pa.C.S.A. § 3121(c) (mandatory minimum sentence of 10 years in prison under section 9718(a)(3)); two counts of involuntary deviate sexual intercourse with a child less than 13 years of age, 18 Pa.C.S.A. § 3123(b) (mandatory minimum sentence of 10 years in prison under section 9718(a)(1)); and one count of aggravated indecent assault of a child less than 13 years of age, 18 Pa.C.S.A. § 3125(a)(7) (mandatory minimum sentence of 10 years in prison under section 9718(a)(3)). Prior to sentencing, the Commonwealth filed a Notice of its intent to pursue the above-mentioned mandatory minimum sentences under section 9718(a). Notably, however, at sentencing, the trial court did *not* apply a mandatory minimum sentence on the above-mentioned convictions, choosing to sentence *above* the statutory minimums. **See** N.T., 2/25/14, at 8-9.

[2] **Alleyne** was decided on June 17, 2013, prior to the imposition of Smith's judgment of sentence.

IV. Whether the [PCRA c]ourt erred in denying [Smith] a new trial due to the letter that was sent to him by [his ex-wife,] C[.] S[.] [(hereinafter "Ms. S." or "C.S."),] after the trial?

Brief for Appellant at 4 (footnote added).

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Montalvo***, 114 A.3d 401, 409 (Pa. 2015) (citation and internal quotation marks omitted). "This Court's scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party, in this case, the Commonwealth." ***Commonwealth v. Fahy***, 959 A.2d 312, 316 (Pa. 2008).

In his first issue, Smith argues that the PCRA court erred in denying him collateral relief where Attorney Graff rendered ineffective assistance by his alleged failure to properly challenge the DNA evidence recovered from the used condom that Ms. S. had found hidden in the drop ceiling of her home. Brief for Appellant at 8. Smith asserts as follows:

> During the trial[,] a stipulation was entered [] concerning the condom. That stipulation [] include[d] that the DNA that was found on the condom could have been the product of cross-contamination. [Smith] [] assert[s] that decision by Attorney Graff did not take into account any attempts to investigate the condition of the condom[, which] would have been allegedly in the ceiling for months. More importantly[,] it did not include what type of cells were found on the condom. During the DNA test[,] no seminal fluid was found on the condom. This information would have not only aided in the cross-contamination theory, but also helped raise questions about the credibility of [Ms.] S[.]

- 3 -

*Id.*

Our review of a claim of ineffectiveness of counsel is as follows:

[A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. 42 Pa.C.S. § 9543(a)(2)(ii). Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. In Pennsylvania, … to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. If a petitioner fails to prove any of these prongs, his claim fails. Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. Where matters of strategy and tactics are concerned, a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.

*Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citations, quotation marks and brackets omitted); *see also Commonwealth v. Lesko*, 15 A.3d 345, 380 (Pa. 2011) (stating that "[w]hen evaluating ineffectiveness claims, judicial scrutiny of counsel's performance must be highly deferential." (citation and internal quotation marks omitted)).

In its Opinion, the PCRA court addressed this claim and determined that Attorney Graff was not ineffective in this regard, as he (1) made a reasonable strategic decision in agreeing to the stipulation concerning the DNA evidence; (2) "effectively presented a challenge to [Ms. S.'s] version of how the condom was found"; and (3) "argu[ed] the contamination theory[.]" **See** PCRA Court Opinion, 5/12/16, at 10-11; **see also Spotz**, **supra**; **Commonwealth v. Puksar**, 951 A.2d 267, 277 (Pa. 2008) (stating that "[a] claim of ineffectiveness cannot succeed through comparing, in hindsight, the trial strategy employed [by defense counsel] with alternatives not pursued."). We agree with the PCRA court's cogent rationale and determination, which is supported by the law and the record. Accordingly, we affirm on this basis in rejecting Smith's first issue. **See** PCRA Court Opinion, 5/12/16, at 10-11.

In his second issue, Smith contends that Attorney Graff was ineffective for failing to interview Fleshman and present his testimony at trial.[3] Brief for Appellant at 9.

Initially, we observe that we could deem this issue waived for Smith's failure to adequately develop it in his Argument section, which consists of merely three sentences, without citation to legal authority or the record. **See** Pa.R.A.P. 2119(a) (mandating that an appellant develop an argument

---

[3] Smith fails to explain who Fleshman is or how he has any relevant knowledge concerning the case. Fleshman died prior to the hearing on Smith's PCRA Petition.

with citation to and analysis of relevant legal authority); ***Jacobs v. Chatwani***, 922 A.2d 950, 962-63 (Pa. Super. 2007) (finding waiver where the appellant provided only a vague, undeveloped argument in support of her claim and did not cite to the record).

Nevertheless, the PCRA court concisely addressed Smith's ineffectiveness challenge regarding Fleshman in its Opinion, and properly determined that it lacks merit. ***See*** PCRA Court Opinion, 5/12/16, at 11-12. We affirm on this basis in rejecting Smith's second issue. ***See id.***[4]

In his third issue, Smith asserts that Attorney Graff and Attorney Reiner were ineffective for failing to challenge his sentence as being illegal, insofar as it was purportedly imposed under 42 Pa.C.S.A. § 9718(a), which

---

[4] We additionally observe that

> [t]here are two requirements for relief on an ineffectiveness claim for a failure to present witness testimony. The first requirement is procedural. The PCRA requires that, to be entitled to an evidentiary hearing, a petitioner must include in his PCRA petition "a signed certification as to each intended witness stating the witness's name, address, date of birth and substance of testimony." 42 Pa.C.S.A. § 9545(d)(1); Pa.R.Crim.P. 902(A)(15). The second requirement is substantive. Specifically, when raising a claim for the failure to call a potential witness, to obtain relief, a petitioner must establish that: (1) the witness existed; (2) the witness was available; (3) counsel was informed or should have known of the existence of the witness; (4) the witness was prepared to cooperate and would have testified on defendant's behalf; and (5) the absence of such testimony prejudiced him and denied him a fair trial.

***Commonwealth v. Reid***, 99 A.3d 427, 438 (Pa. 2014). In the instant case, Smith did not meet these requirements.

was rendered unconstitutional by *Alleyne*.[5]  Brief for Appellant at 10.  Smith acknowledges that the sentencing court sentenced him above the section 9718(a) mandatory minimum sentences, but argues that his sentence was nevertheless illegal because "a certain portion of [Smith's] sentence is still subject to the requirements of a mandatory sentence."  *Id.*[6]

In *Alleyne*, the Supreme Court held that any fact that increases the sentence for a given crime must be submitted to the jury and found beyond a reasonable doubt.  *Alleyne*, 133 S. Ct. at 2155.  The Court reasoned that a Sixth Amendment violation occurs where these sentence-determinative facts are not submitted to a jury.  *Id*. at 2156.  "[A] challenge to a sentence premised upon *Alleyne* … implicates the legality of the sentence and cannot be waived on appeal."  *Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*).  "Such a claim may be raised on direct appeal, or in a timely filed PCRA petition."  *Commonwealth v. Ruiz*, 131 A.3d 54, 60 (Pa. Super. 2015) (citation and emphasis omitted).  Relevant to the instant appeal, our Pennsylvania Supreme Court has declared that *Alleyne*

---

[5] Attorney Reiner did not raise an *Alleyne* challenge in Smith's direct appeal.

[6] Specifically, Smith contends that his sentence "has an impact on [Smith's] availability for any early parole programs, as offered by the state correctional system, or any alternative housing."  Brief for Appellant at 10. Smith does not further develop or cite support for this claim aside from his bald, vague assertion.

rendered 42 Pa.C.S.A. § 9718 unconstitutional and void in its entirety. ***Commonwealth v. Wolfe***, 140 A.3d 651, 661-63 (Pa. 2016).[7]

Here, we agree with the PCRA court that ***Alleyne*** and ***Wolfe*** are inapplicable because the sentencing court did not apply the mandatory minimum sentence provisions of 42 Pa.C.S.A. § 9718(a) or any mandatory minimum sentencing statute. ***See*** PCRA Court Opinion, 5/12/16, at 12. Rather, the sentencing court, mindful of Smith's extensive sexual abuse of his step-daughters over a period of several years, and abuse of his position of trust via manipulation, imposed a sentence **above** the section 9718(a) mandatory minimum provisions, and notwithstanding those provisions. ***See id.***; N.T. (sentencing), 2/25/14, at 8-9; ***see also*** N.T. (PCRA hearing), 2/23/16, at 36-37 (wherein the PCRA court explains that Smith did not receive mandatory minimum sentences under section 9718(a)). Therefore, Smith's argument based on ***Alleyne*** fails, and neither Attorney Graff nor Attorney Reiner was ineffective for failing to raise an ***Alleyne*** challenge. ***See Commonwealth v. Zeigler***, 112 A.3d 656, 662 (Pa. Super. 2015) (stating that where the sentence imposed exceeds the mandatory minimum, the sentence does not present a constitutional problem under ***Alleyne***, as

---

[7] Section 9718 specifies that its provisions "shall not be an element of the crime," and that the applicability "shall be determined at sentencing," with factual matters being resolved by the sentencing court "by a preponderance of the evidence." 42 Pa.C.S.A. § 9718(c); ***see also Wolfe***, 140 A.3d at 653 (stating that "[b]oth the directive that a sentencing factor establishing a mandatory minimum sentence is not an element of a crime and the allocation of decision-making authority relative to such factor to a judge contravene ***Alleyne***.").

the sentencing court did not apply the unconstitutional mandatory minimum).

In his fourth and final issue, Smith argues that the PCRA court erred in failing to grant him a new trial based upon purportedly exculpatory evidence that he discovered after his convictions (namely, an unsigned, undated letter that Ms. S. had allegedly mailed to Smith in prison, detailing how Ms. S. had fabricated the crimes to "set up" Smith). Brief for Appellant at 10-11.

The PCRA court concisely addressed this claim in its Opinion, summarized the law concerning newly-discovered evidence, and correctly determined that the claim lacks merit. *See* PCRA Court Opinion, 5/12/16, at 13-14; *see also Commonwealth v. Scott*, 470 A.2d 91, 93 (Pa. 1983) (stating that a claim of newly-discovered evidence will fail where the proposed new evidence is not admissible); *see also Commonwealth v. Henry*, 706 A.2d 313, 321 (Pa. 1997) (noting that recantation evidence is notoriously unreliable, and where it involves an admission of perjury, it is the least reliable source of proof; unless the PCRA court is satisfied that the recantation is true, it should deny a new trial). We affirm based on the PCRA court's rationale in rejecting Smith's final issue. *See* PCRA Court Opinion, 5/12/16, at 13-14.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/30/2017