J-S35040-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| QUINTEZ TALLEY | : | |
| | : | |
| Appellant | : | No. 1980 EDA 2019 |

Appeal from the PCRA Order Entered July 10, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003711-2009

BEFORE: BOWES, J., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED SEPTEMBER 30, 2020**

Appellant, Quintez Talley, appeals from the order entered July 10, 2019,

that dismissed his first petition filed under the Post Conviction Relief Act

("PCRA")[1] without a hearing. We affirm on the basis of the PCRA court opinion.

This Court previously fully and correctly set forth the relevant facts and

underlying procedural history of this case as follows:

> Through the testimony of four correctional officers and a fire
> department captain the Commonwealth established that on
> October 23, 2008, shortly before 7:00 p.m., while a prisoner in
> the Philadelphia Detention Center, [Appellant] began yelling and
> screaming obscenities and threats, apparently in resentment for
> the fact that a scheduled visit he was supposed to have had been
> cancelled. He then started flooding his cell block by clogging the
> toilet in his cell and running the water. When the guards shut off
> the water from outside the cell he threatened to burn the place

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

down and then set fire to various flammable items in his cell using a light fixture which he apparently had pulled from the wall and broke in order to do so. As a result of the fire and smoke that were emanating from his cell, three other inmates in the cell block began complaining about being affected and had to be evacuated and given medical attention for slight smoke inhalation. When the guards opened the cell [Appellant] refused orders to cease what he was doing and get down on the floor and was subdued with pepper spray and removed from his cell while some of the guards extinguished the fire. While no one actually saw him set anything on fire, since the cell door was solid as opposed to bars, he was the only one in the cell. The fire department captain who had arrived after the fire was extinguished and conducted an investigation testified that the light fixture was the apparent ignition source.

Three inmates were taken to a medical facility to determine if they suffered from smoke inhalation, but they did not require treatment. The fire did not spread beyond Appellant's cell and consisted of a paper fire. There was no structural damage caused to the cell.

After Appellant was convicted of [arson, risking a catastrophe, institutional vandalism, reckless endangerment, and failure to prevent a catastrophe], the case proceeded to sentencing. On November 21, 2013, Appellant received a sentence of three to six years imprisonment on the arson conviction, and concurrent sentences on all his remaining crimes. In []his ensuing [direct] appeal, Appellant raise[d] one issue: "Was the evidence in support of the charge for Failure to Prevent a Catastrophe, 18 Pa.C.S.A. Sec. 3303(2), insufficient to support [Appellant]'s conviction because no catastrophe occurred?"

*Commonwealth v. Talley*, No. 28 EDA 2014, unpublished memorandum at 2-3 (Pa. Super. filed May 7, 2015) (citation to the record omitted) (some formatting). This Court agreed with Appellant and "reverse[d] the conviction for failure to prevent a catastrophe and sentence imposed thereon." *Id.* at 1.

On June 12, 2015, Appellant filed his first, *pro se*, timely PCRA petition. On August 4, 2015, he filed another *pro* se PCRA petition. On August 20,

- 2 -

2016, a counseled amended PCRA petition was filed. On June 10, 2019, the PCRA court entered a notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907. On July 10, 2019, the PCRA court dismissed Appellant's petition. On July 13, 2019, Appellant filed this timely appeal.[2]

Appellant presents the following issue for our review:

> Did the PCRA Court err in dismissing Appellant's PCRA Petition as lacking merit, whereas although Appellant was granted permission to proceed *pro se* at trial, the record was clear and apparent that Appellant was actually represented by counsel during the jury trial, and as such, trial counsel was ineffective for not raising an insanity defense at trial, since at the time of the crime, Appellant was laboring under such a defect of reason and lacked the capacity to appreciate the wrongfulness of his actions?

Appellant's Brief at 7.

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." ***Commonwealth v. Medina***, 209 A.3d 992, 996 (Pa. Super. 2019) (quoting ***Commonwealth v. Brown***, 196 A.3d 130, 150 (Pa. 2018)).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Genece E. Brinkley, we conclude Appellant's issue merits no relief. The PCRA court opinion comprehensively discusses and properly disposes of that question. ***See*** PCRA Court Opinion, filed December 16, 2019, at 3–5 (finding:

---

[2] Appellant filed his statement of errors complained of on appeal on September 27, 2019. The PCRA court entered its opinion on December 16, 2019.

Appellant represented himself at trial and cannot now raise a claim of his own ineffectiveness; the trial court ordered two mental health examinations to determine Appellant's competency, and both examinations found that Appellant was competent). Accordingly, we affirm on the basis of the PCRA court's opinion. The parties are instructed to attach the opinion of the PCRA court in any filings this Court's decision.

Order affirmed.

Judge Stabile joins the memorandum.

Judge Bowes files a concurring memorandum.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/30/2020*

**IN THE COURT OF COMMON PLEAS**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CRIMINAL TRIAL DIVISION**

| | | |
|---|---|---|
| **COMMONWEALTH** | : | **CP-51-CR-0003711-2009** |
| | : | |
| **vs.** | : | |
| | : | |
| | : | **SUPERIOR COURT** |
| **QUINTEZ TALLEY** | : | **1980 EDA 2019** |

**OPINION**

**BRINKLEY, J.**                                    **DECEMBER 16, 2019**

Defendant Quintez Talley filed his first petition for relief under the Post-Conviction

Relief Act (PCRA), 42 Pa.C.S.A. § 9541 *et seq.* (eff. Jan. 16, 1996), claiming that he was

"suffering from mental illness at the time of the offense and same was documented but counsel

did not seek a mental health examination nor did he pursue a mental health defense when one

was available." After independent review of Defendant's *pro se* PCRA petition, counsel's

Amended Petition, and the Commonwealth's Motion to Dismiss, this Court dismissed

Defendant's petition as without merit. This Court's dismissal should be affirmed.

**Background**

The relevant facts were recited in the trial court's opinion and adopted by the Superior

Court in its own Memorandum Opinion as follows:

> Through the testimony of four correctional officers and a
> fire department captain the Commonwealth established that on

October 23, 2008, shortly before 7:00 p.m., while in prison in the Philadelphia Detention Center, [Defendant] began yelling and screaming obscenities and threats, apparently in resentment for the fact that a scheduled visit he was supposed to have had been canceled. He then started flooding his cell block by clogging the toilet in his cell and running the water. When the guards shut off the water from outside the cell he threatened to burn the place down and then set fire to various flammable items in his cell using a light fixture which he apparently had pulled from the wall and broke in order to do so. As a result of the fire and smoke that were emanating from his cell, three other inmates in the cell block began complaining about being affected and had to be evacuated and given medical attention for slight smoke inhalation. When the guards opened the cell the defendant refused orders to cease what he was doing and get down on the floor and was subdued with pepper spray and removed from his cell while some of the guards extinguished the fire. While no one actually saw him set anything on fire, since the cell door was solid as opposed to bars, he was the only one in the cell. The fire department captain who had arrived after the fire was extinguished and conducted an investigation testified that the light fixture was the apparent ignition source.

(C. v. Quintez Talley, 28 EDA 2014, memorandum opinion, p. 2). On April 11, 2011, the Honorable William J. Mazzola ordered a mental health evaluation and Defendant was found to be competent. On November 15, 2011, Judge Mazzola granted Defendant's motion to proceed *pro se* and appointed the Defender Association of Philadelphia as back up counsel. On March 12, 2012, Judge Mazzola ordered another mental health evaluation to determine whether Defendant was competent for trial. On March 20, 2012, Defendant was found competent once again. Trial commenced on June 4, 2012. On June 6, 2012, a jury found Defendant guilty of arson, risking a catastrophe, institutional vandalism, reckless endangerment, and failure to prevent a catastrophe. On November 21, 2013, Defendant appeared for sentencing. Judge Mazzola sentenced Defendant to 3 to 6 years state incarceration for arson, 3 to 6 years state incarceration for risking a catastrophe, to run concurrently, with concurrent 2 years terms of probation for vandalism, reckless endangerment, and failing to prevent a catastrophe.

2

On December 23, 2013, Defendant filed a Notice of Appeal to Superior Court, arguing that the evidence was insufficient to support his conviction for failure to prevent a catastrophe. The Commonwealth did not oppose this appeal and the Superior Court vacated the conviction on this sole charge on May 7, 2015. This did not affect his sentence in any way since his probation sentence for this offense was running totally concurrent with other offenses.

On June 12, 2015, Defendant filed a first and timely PCRA petition. David Rudenstein, Esquire was appointed as PCRA counsel on July 26, 2016 and filed an Amended Petition on August 20, 2016. On February 21, 2019, this matter was reassigned to this Court from Judge Mazzola's judicial inventory. On June 6, 2019, the Commonwealth filed its Motion to Dismiss. On June 10, 2019, this Court sent Defendant a Notice of Intent to Dismiss Pursuant to Rule 907. On July 10, 2019, this Court dismissed Defendant's petition as lacking merit. Daniel Alvarez was appointed appellate counsel on July 12, 2019. On July 13, 2019, Defendant filed a Notice of Appeal to Superior Court.

## Discussion

When reviewing the denial of PCRA relief, the appellate court's review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. Commonwealth v. Edmiston, 619 Pa. 549, 65 A.3d 339, 345 (2013) (citing Commonwealth v. Breakiron, 566 Pa. 323, 781 A.2d 94, 97 n. 4 (2001)). The court's scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in light most favorable to the prevailing party. Commonwealth v. Fahy, 598 Pa. 584, 959 A.2d 312, 316 (2008) (citing Commonwealth v. Duffey, 585 Pa. 493, 889 A.2d 56, 61 (2005)). The burden is on the petitioner in the PCRA petition to demonstrate by a preponderance of the evidence that he or she is eligible for PCRA relief. 42 Pa.C.S.A § 9543.

3

In his amended petition, Defendant claims that he was suffering from a mental illness at the time of the offense and that "counsel did not seek a mental health examination nor did he pursue a mental health defense when one was available." This claim is without merit. No relief is due because Defendant represented himself *pro se* at trial with back up counsel. The law is well settled that "a defendant who chooses to represent himself cannot obtain post-conviction relief by raising a claim of his own ineffectiveness or that of standby counsel." Commonwealth v. Blakeney, 108 A.3d 739, 756 (Pa. 2014). Therefore, he cannot claim his own ineffectiveness for failing to pursue a mental health defense.

Even if Defendant could raise a claim of his own ineffectiveness, his claim is without merit as the record shows that Judge Mazzola ordered not one, but two, mental health examinations to determine competency and each time Defendant was found to be competent to stand trial. Defendant claims that he suffered from mental illness; however, the fact that a defendant experienced mental illness in the past does not *per se* render him incompetent to stand trial. Commonwealth v. Santiago, 579 Pa. 46, 71, 855 A.2d 682, 697 (2004). Defendant must prove by the preponderance of the evidence that "he was either unable to understand the nature of the proceedings against him or to participate in his own defense." Commonwealth v. Bomar, 629 Pa. 136, 104 A.3d 1179, 1196 (Pa.2014) (quoting Commonwealth v. Rainey, 928 A.2d 215, 236 (Pa.2007)). Defendant does not provide any proof to show that he was incompetent nor does he cite to anywhere in the transcript from trial that would indicate that he did not understand the nature of the proceedings. Thus, even if Defendant could raise a claim of his own ineffectiveness, his claim would fail.

Last, in his amended petition, Defendant requests funds for a psychiatric evaluation to be completed now to show that he was incompetent. There is no indication he ever received this

4

money or had another evaluation performed and no supplemental petition was filed. Regardless, performing such an evaluation now would be useless as the relevant time period for determining competency is at the time of trial, not several years later. See Commonwealth v. Bracey, 795 A.3d 935, 945-46 (Pa.2001) ("[T[he focal time for evaluating a defendant's competency is at the time of trial."). As Defendant's claims are all meritless, no relief is due and this Court's dismissal of Defendant's petition should be affirmed.

5

## CONCLUSION

After reviewing the relevant case law, statutes, and testimony, this Court committed no error. This Court properly dismissed Defendant's petition based upon lack of merit. Accordingly, this Court's dismissal should be affirmed.

BY THE COURT:

_____ J.