J-A26011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| VINCENT HARRIS | : | |
| | : | |
| Appellant | : | No. 1512 EDA 2019 |

Appeal from the PCRA Order Entered April 22, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006880-2013

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED JANUARY 12, 2021**

Appellant, Vincent Harris, appeals from the post-conviction court's April 22, 2019 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9542.  After careful review, we affirm.

The PCRA court provided a detailed summary of the facts and procedural history of this case in its Pa.R.A.P. 1925(a) opinion, which we adopt herein. *See* PCRA Court Opinion (PCO), 11/1/19, at 2-5.  We only briefly note that Appellant was convicted of first-degree murder and related offenses on March 27, 2015.  He was sentenced that same day to an aggregate term of life imprisonment, without the possibility of parole.  He filed a timely direct appeal, and after we affirmed his judgment of sentence, our Supreme Court denied his petition for allowance of appeal.  ***Commonwealth v. Harris***, 158 A.3d

_____

[*] Former Justice specially assigned to the Superior Court.

192 (Pa. Super. 2016) (unpublished memorandum), *appeal denied*, 166 A.3d 1210 (Pa. 2017).

Appellant thereafter filed a timely, *pro se* PCRA petition. Counsel was appointed and filed an amended petition, claiming that Appellant's trial counsel acted ineffectively by not objecting to certain testimony by a Commonwealth witness. According to Appellant, the at-issue testimony indicated that an eyewitness to the murder, Duron Flynn, was not present to testify at trial because he was afraid of retaliation. Appellant asserted that his counsel should have objected to this testimony because it improperly suggested to the jury that Appellant had threatened Flynn, when there was no evidence that he had done so.

On March 19, 2019, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. He did not respond, and on April 22, 2019, the court dismissed his petition. Appellant filed a timely notice of appeal. The court did not order him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed its Rule 1925(a) opinion on November 1, 2019.

Herein, Appellant states one issue for our review:

I. Did the [t]rial/PCRA [c]ourt err in dismissing the PCRA [petition], without a hearing, even though Appellant pled that he was victimized by ineffective assistance of counsel who failed to object to the jury['s] being told by the [p]rosecutor that a witness failed to appear[] because the witness feared for his safety?

Appellant's Brief at 3.

- 2 -

First, "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Morales*, 701 A.2d 516, 520 (Pa. 1997) (citing *Commonwealth v. Travaglia*, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has stated that:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner. To obtain relief, a petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner. A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." … [A] properly pled claim of ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission.

*Commonwealth v. Johnson*, 966 A.2d 523, 532-33 (Pa. 2009) (citations omitted).

In this case, we have reviewed the certified record, the briefs of the parties, and the applicable law. Additionally, we have reviewed the thorough and well-crafted opinion of the Honorable Genece Brinkley of the Court of Common Pleas of Philadelphia County. We conclude that Judge Brinkley's

- 3 -

extensive, well-reasoned opinion accurately disposes of the issue presented by Appellant. Accordingly, we adopt her opinion as our own and affirm the order denying Appellant's PCRA petition for the reasons set forth therein.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2021

FILED

**IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION**

| | | |
|---|---|---|
| **COMMONWEALTH** | : | **CP-51-CR-0006880-2013** |
| | : | |
| **vs.** | : | |
| | : | |
| | : | |
| **VINCENT HARRIS** | : | **SUPERIOR COURT**<br>**1512 EDA 2019** |

**OPINION**

**BRINKLEY, J.**                                              **NOVEMBER 1, 2019**

Defendant Vincent Harris filed his first petition for relief under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541 *et seq.* (eff. Jan. 16, 1996), claiming ineffective assistance of counsel. Specifically, he claims that trial counsel was ineffective for not objecting to a Commonwealth witness stating that Duron Flynn, an unavailable witness at trial, had been afraid of retaliation for testifying. After reviewing Defendant's Amended PCRA petition, the Commonwealth's Motion to Dismiss, and a Notice of Intent to Dismiss Pursuant to Rule 907 having been sent without reply, this Court dismissed Defendant's petition based upon lack of merit. Defendant appealed this dismissal to Superior Court. This Court's dismissal should be affirmed.

## Facts and Procedural History

On March 22, 2013, Defendant was arrested and charged with murder and related charges in connection with the shooting death of 22-year-old Joseph Knight. On March 24-27, 2015, Defendant appeared before this Court for a jury trial. The evidence adduced at trial showed that around midnight on the night of August 1, 2012, Defendant and his friend Syeem rode their bicycles to 23rd and Mifflin Streets and shot at Knight fifteen times as he stood on the sidewalk. Eyewitness Lindsay Waltower, who had just said hello to Knight before crossing the street to chat with friends, testified that he saw two cyclists speed by and then heard gunshots. Knight's body had been struck eight times by bullets. A police officer transported Knight to the Hospital of the University of Pennsylvania, where he was pronounced dead shortly thereafter. Waltower gave two statements to police regarding what he observed and identified Defendant from a photo array as one of the shooters. Duron Flynn, Knight's friend who had been walking down the street to meet him when Knight was killed, gave a statement to police regarding the shooting after he was arrested for an unrelated crime. He identified Defendant and Syeem as the shooters. Flynn later testified at the preliminary hearing and once again identified Defendant; however, he did not appear to testify at trial.

Police officers searched for Defendant for more than six months after the shooting. He was finally arrested in March 2013 after selling crack cocaine in small orange packets to a confidential informant ("CI") just two blocks away from the scene of the murder. Police executed a search warrant at a house where Defendant had stopped and discarded a burgundy bag containing ten small orange packets of crack cocaine, which were identical to the packets Defendant sold to the CI the day before. Inside the house, which police discovered was owned by Defendant's grandmother, police recovered a loaded Glock nine-millimeter semiautomatic

2

handgun from a cabinet over the refrigerator. On top of the gun was a baggie containing numerous new and unused small orange packets that matched the packets sold to the CI and found in the burgundy bag. Ballistic testing determined that the Glock was the same firearm that had fired eleven bullets at Knight on the night of the murder.

Prior to trial, the Commonwealth moved to admit Flynn's preliminary hearing testimony under Pa.R.E. 804(b)(1). Police had made numerous attempts to locate Flynn and there were warrants out for his arrest; however, his whereabouts remained unknown and no one had seen or heard from him in over two years at the time of trial. This Court granted the Commonwealth's motion. At trial, the Commonwealth called Carlos Vega, Esquire, the assistant district attorney who conducted the preliminary hearing, to testify. Vega testified that he met with Flynn prior to the hearing and addressed any concerns he had:

| WITNESS VEGA: | He was in custody so what he was concerned about was he didn't want to come in contact with the defendant. So I assured him I would put a separation order in to make sure no matter what prison he's in, he would not come in contact with the defendant. |
|---|---|
| COMMONWEALTH: | Okay. And so he expressed concern for himself having to testify? |
| WITNESS VEGA: | Yes. He's afraid. He's in prison and when you cooperate with the Commonwealth, you're not very popular in the prison system. |
| COMMONWEALTH: | Okay. And is this a common thing that you deal with? |
| WITNESS VEGA: | Every day. |

(N.T. 3/25/15, p. 108). Vega testified that Flynn had no choice but to testify at the preliminary hearing because he was incarcerated at the time on an unrelated matter. Prior to counsel reading the preliminary hearing transcript into the record, the Court advised the jury as follows:

3

| THE COURT: | Ladies and gentlemen, Mr. Vega has testified he asked certain questions in a certain way and provided information to defense counsel for the reason of preserving testimony. Since that person is not here, we are permitting the reading of the notes of testimony from that proceeding in the fashion that the DA just described. |
|---|---|

Id. at 110. Vega (reading Flynn's answers) and defense counsel (reading the defense counsel's questions) then read the transcript of Flynn's preliminary hearing testimony into the record. At the conclusion, counsel entered evidence by way of stipulation by and between counsel. Counsel stipulated to Flynn's criminal record, outlining his various arrests and convictions, and stating that "[c]urrently all those are active warrants and Duron Flynn has not been picked up or found and arrested on any of those warrants." Id. at 131-32.

On March 27, 2015, the jury found Defendant guilty of all charges. On that same day, this Court sentenced him to a mandatory sentence of life without any possibility of parole on the first-degree murder charge, 5 to 10 years state incarceration on the conspiracy charge, 1 to 2 years state incarceration plus 5 years probation on the VUFA 6106 charge, and 6 to 12 months state incarceration plus 4 years probation on the PIC charge. All sentences were to run concurrently with one another. Defendant appealed this judgment of sentence. On appeal, Defendant raised several issues including: "did the trial court err in allowing the Commonwealth to read the preliminary hearing testimony of the witness Duron Flynn to the jury because this testimony was hearsay and the Commonwealth failed to show that [A]ppellant had a full and fair opportunity to examine this witness at the preliminary hearing and also failed to show that the witness was unavailable at the time of trial and was [A]ppellant denied his right under the United States Constitution and the Pennsylvania Constitution to…[c]onfront this witness." The Superior

4

Court affirmed on September 30, 2016. The Pennsylvania Supreme Court denied his petition for allowance of appeal on February 7, 2017.

On May 1, 2017, Defendant filed a timely first PCRA petition. On March 13, 2018, David Rudenstein, Esquire was appointed PCRA counsel. On July 9, 2018, counsel filed an Amended Petition. On August 7, 2018, Defendant filed his own supplemental petition. On January 16, 2019, the Commonwealth filed a Motion to Dismiss. On March 19, 2019, this Court sent Defendant a Notice of Intent to Dismiss Pursuant to Rule 907. On April 22, 2019, this Court dismissed Defendant's petition based upon lack of merit. On May 9, 2019, Defendant filed a Notice of Appeal to Superior Court.

### Discussion

This Court properly dismissed Defendant's PCRA petition based upon lack of merit. When reviewing the denial of PCRA relief, the appellate court's review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. Commonwealth v. Edmiston, 65 A.3d 339, 345 (Pa. 2013). The court's scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in light most favorable to the prevailing party. Commonwealth v. Fahy, 959 A.2d 312, 316 (Pa. 2008). The burden is on the petitioner in the PCRA petition to demonstrate by a preponderance of the evidence that he or she is eligible for PCRA relief. 42 Pa.C.S. § 9543.

In his amended petition, Defendant claims that trial counsel was ineffective for "failing to object to the part of the testimony where ADA Vega offered that Witness Flynn was afraid of retaliation as a result of testifying in the instant trial."[1] This claim is without merit. To prevail on

---

[1] In the supplemental petition Defendant filed on his own without the assistance of counsel, Defendant claimed that the trial court erred when it allowed the Commonwealth to read the preliminary hearing testimony of witness Duron Flynn. This claim is waived as it was previously litigated. This exact issue was raised on direct appeal and was addressed by the Superior Court in its Memorandum Opinion affirming Defendant's judgment of sentence.

a claim alleging counsel's ineffectiveness under the PCRA, the appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis; and (3) that he was prejudiced by counsel's ineffectiveness, i.e. there is a reasonable probability that but for the act or omission in question the outcome of the proceedings would have been different. Commonwealth v. Timchak, 2013 PA Super 157, 69 A.3d 765, 769 (2013) (citing Commonwealth v. Wah, 42 A.3d 335, 338 (Pa.Super.2012)). A PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Id. (citing 42 Pa.C.S. § 9543(a)(2)(ii)). Counsel's assistance is deemed constitutionally effective once the court determines that the defendant has not established any one of the prongs of the ineffectiveness test. Id. (citing Commonwealth v. Rolan, 964 A.2d 398, 406 (Pa.Super.2008)). To establish prejudice, the defendant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Commonwealth v. Davido, 106 A.3d 611, 621 (Pa. 2014) (citing Commonwealth v. Williams, 587 Pa. 304, 899 A.2d 1060, 1064 (2006)). When an appellant fails to meaningfully discuss each of the three ineffectiveness prongs, "he is not entitled to relief, and we are constrained to find such claims waived for lack of development." Commonwealth v. Fears, 624 Pa. 446, 461, 86 A.3d 795, 805 (2014) (quoting Commonwealth v. Steele, 599 Pa. 341, 361, 961 A.2d 786, 797 (2008) ("[U]ndeveloped claims, based on boilerplate allegations, cannot satisfy Appellant's burden of establishing ineffectiveness.").

6

In the case at bar, Defendant is unable to establish the three prongs of the ineffectiveness test. Defendant argues that trial counsel should have objected to ADA Vega's testimony, claiming that Vega told the jury "that Flynn was afraid of retaliation as a result of testifying in the instant trial." (Amended Petition, p. 6). Defendant further claims "it is frankly unclear whether Mr. Flynn failed to appear as a result of threats, or for some other reason" and that "[a]t the very least, it would have left the jury with the impression that a key Commonwealth witness was staying away from the courtroom because the Defendant had threatened him." Id. (emphasis in the original). This claim is belied by the record as no one ever stated or implied that Defendant threatened Flynn. Vega never testified that Flynn was afraid to testify at trial. The record clearly shows that Vega testified regarding Flynn's concerns at the **preliminary hearing** and that these were general fears of retaliation for testifying since he was incarcerated at the time. At no time did Vega or the Commonwealth allude to any sort of witness intimidation by Defendant; thus, the jury was not "left with the impression" that Defendant had threatened Flynn. Indeed, counsel even stipulated at the conclusion of the preliminary hearing transcript being read into the record that Flynn had a lengthy criminal history, multiple outstanding warrants, and that no one had seen or heard from him in some time. This information in no way implied that Flynn was afraid of Defendant; rather, it explained Flynn's absence—he was a criminal who had absconded from authorities and had not appeared to testify at Defendant's trial because he was on the run from the law.

In addition to his claim lacking arguable merit, Defendant is unable to show prejudice. Trial counsel's failure to object to Vega's testimony regarding Flynn would not have affected the outcome of the trial. The evidence adduced at trial showed that two eyewitnesses saw Defendant and a companion ride down the street on bikes and begin shooting at Knight. The gun that shot

7

Knight eleven times was found inside Defendant's grandmother's house, where police also found small orange packets of crack cocaine matching those that Defendant had sold to a CI and also those that were discarded outside the grandmother's house. The jury determined that this evidence was sufficient to establish Defendant's guilt in Knight's murder. Thus, trial counsel objecting to Vega's comment regarding Flynn having concerns about testifying at the preliminary hearing would not have outweighed the overwhelming evidence of guilt the jury heard at trial. Accordingly, no relief is due.

## CONCLUSION

After reviewing the applicable case law, statutes, and testimony, this Court committed no error. This Court properly dismissed Defendant's PCRA petition based upon lack of merit. Accordingly, this Court's dismissal should be affirmed.

BY THE COURT:

_____ J.

9